**Jesse H. BECTON, Plaintiff-Appellant,**

v.

**DETROIT TERMINAL OF CONSOLIDATED FREIGHTWAYS,
Defendant-Appellee.**

**No. 80–1543.**

United States Court of Appeals,
Sixth Circuit.

Argued April 15, 1982.

Decided Aug. 24, 1982.

Rehearing and Rehearing En Banc Denied
Oct. 27, 1982.

Jeanne Ellen Mirer, Wayne County Neighborhood Legal Services, Detroit, Mich., for plaintiff-appellant.

F. R. Damm, Detroit, Mich., for Detroit Terminal of Consol. Freightways.

Douglas S. McDowell, McGuiness & Williams, Washington, D. C., for amicus curiae Equal Employment Advisory Council.

Before KENNEDY and MARTIN, Circuit Judges, and DUMBAULD,* Senior District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

This appeal requires us to decide how much weight to give an arbitration decision in a section 1981 employment discrimination case. The court below found that it was bound by an arbitration decision which held that the plaintiff, Jesse Becton, was discharged for "just cause." As a result, the court refused to consider any evidence which Becton had previously presented at the arbitration hearing. *Becton v. Detroit Terminal of Consolidated Freightways,* 490 F.Supp. 464 (E.D.Mich.1980). Becton asserts that the evidence he offered to challenge his discharge and the evidence re-

---

* Honorable Edward Dumbauld, Senior Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

quired to support his claim of race discrimination are inextricably intertwined. On this basis, he argues that the District Court's ruling denied him the right to have his statutory claim fully heard. *See Alexander v. Gardner-Denver,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). We agree and reverse that portion of the District Court's decision. However, we find that this error did not affect the ultimate outcome of the case and affirm the dismissal of Becton's claim.

Consolidated Freightways fired Becton from his position as an over-the-road driver for allegedly disobeying company orders. Becton filed a grievance which ultimately came before the Michigan Joint State Cartage and Over-the-Road Committee. The Committee, which consists of an equal number of union and management representatives, is authorized by the collective bargaining agreement to hear grievances. 490 F.Supp. at 466 n.1. Becton did not raise the issue of discrimination before the Committee; he argued only the issue of "just cause" under the contract. In an unwritten decision, the panel held that Consolidated had just cause to discharge Becton. Subsequently, Becton, who is half-Black and half-Seminole Indian, filed suit under 42 U.S.C. § 1981 against both the company and his union. Becton alleged that his termination was racially motivated and was in retaliation for civil rights charges he had filed against the company eleven months before his discharge.

The District Court dismissed the case against the union. 490 F.Supp. at 466. Becton has not appealed that decision.

Becton's claim against the company proceeded to trial. The District Court's analysis of Becton's case followed the framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801–804, 93 S.Ct. 1817, 1823–1825, 36 L.Ed.2d 668 (1973).[1] According to the *McDonnell Douglas* paradigm,

the plaintiff must first make out a prima facie case by producing evidence (1) that he belongs to a racial minority, (2) that he was satisfactorily performing his job, (3) that despite this performance he was terminated, and (4) that he was replaced by a non-minority worker. 490 F.Supp. at 465–66. At this point, the burden of production shifts to the defendant, who must "attempt to 'articulate some legitimate, non-discriminatory reason for the [treatment given the plaintiff].'" 490 F.Supp. at 466 (citations omitted). Finally, at the close of the defendant's presentation, the plaintiff has an opportunity to show that the employer's reasons were only pretexts which masked illegal discrimination. 490 F.Supp. at 466.[2]

The District Court correctly found that Becton succeeded in presenting a prima facie case under *McDonnell Douglas.* 490 F.Supp. at 466. In rebuttal, the company offered the arbitration decision that Becton had been terminated for "just cause." On the basis of its interpretation of *Alexander v. Gardner-Denver,* the District Court concluded that the Arbitration Committee's decision had a *res judicata* effect on subsequent section 1981 proceedings. It therefore declined to reconsider the evidence on the "just cause" issue and limited its inquiry to the question "whether the just cause which did exist was merely a pretext to cover up what was in reality a racially discriminatory termination." 490 F.Supp. at 470. The court found that Becton had failed to prove such a pretext and entered judgment for the company.

*Alexander v. Gardner-Denver* differed from the present case in that Alexander submitted both his discrimination and contract claims to arbitration whereas Becton's grievance involved only his contract claim. In *Gardner-Denver,* the Supreme Court held that the plaintiff was entitled to bring a Title VII discrimination action in federal

---

**1.** The Supreme Court recently refined the *McDonnell Douglas* burden of proof allocation in *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

**2.** Although this procedure was developed for cases brought under 42 U.S.C. § 2000e–5, the same procedure applies to cases brought under section 1981. *Long v. Ford Motor Co.,* 496 F.2d 500, 505 n.11 (6th Cir. 1974).

court despite the arbitrator's adverse ruling on that issue. However, the Court did not indicate whether or not the arbitrator's disposition of the plaintiff's contract claim was binding on the trial court in a subsequent Title VII proceeding. This, of course, is the precise question Becton raised below and has pursued on appeal.

The District Court reviewed the *Gardner-Denver* opinion and concluded that the Supreme Court's decision to except statutory discrimination claims from the general rule of finality of judgments should be narrowly circumscribed. Accordingly, the District Court held that Becton was entitled to a trial *de novo* on his discrimination claim but not to reconsideration of the evidence relating to his contract claim. In the District Court's judgment, the "just cause" issue did not involve "facts ... relative to discrimination." 490 F.Supp. at 468. Thus, the court declined to reevaluate evidence rejected by the Arbitration Committee.

■ This is an impractical and excessively narrow application of *Gardner-Denver*. The District Court's distinction between the plaintiff's discharge on the one hand and his discrimination claim on the other attempts to draw a bright line in an area where there is actually considerable overlap. There is no realistic way to sever the discharge from the claim of discrimination because, according to the plaintiff, the discharge *is* the discrimination. An analysis of one must include consideration of the other because both involve the same operative facts. They cannot be considered in isolation from one another. Inasmuch as "just cause" or similar contract questions are an integral part of many discrimination claims, the better rule avoids judicial efforts to separate and classify evidence offered by the plaintiff under the heading of "discrimination" or "just cause." In our view, *Gardner-Denver* should not be read as a restriction on the extent to which a Title VII or section 1983 claimant is entitled to develop his evidence of discrimination.[3]

We do not hold that the arbitration decision is without significance. Certainly the court may consider the arbitration decision as persuasive evidence that the grounds found by the arbitrator to be just cause for discharge under the collective bargaining agreement are sufficient to amount to just cause. The court should defer to the arbitrator's construction of the contract. Moreover, an arbitration decision in favor of the employer is sufficient to carry the employer's burden of *articulating* "some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802, 93 S.Ct. at 1824. *See also Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94 (1981). However, to allow that decision to answer *conclusively* questions raised in the final step of the *McDonnell Douglas* analysis unnecessarily limits the plaintiff's opportunity to vindicate his statutory and constitutional rights.

In light of the foregoing discussion, we reverse the District Court's holding that it was conclusively bound by the arbitration panel's decision that Becton was discharged for just cause. We hold instead that a federal court may, in the course of trying a Title VII or section 1981 action, reconsider evidence rejected by an arbitrator in previous proceedings.

■ We now turn to the merits of Becton's case. Normally, when the trial court has applied an improper legal standard to the facts, the case should be remanded for reconsideration of the evidence in light of the correct standard. However, a remand is not necessary in this case for two reasons. First, Becton actually *did* submit all his evidence in the "pretext" phase of the case. Second, the lower court anticipated today's decision by issuing a supplemental Order Denying Motion to Amend Judgment and Making Additional Findings of Fact. The court stated:

First of all, had the court not found that it was precluded from deciding whether

---

**3.** Although *Gardner-Denver* was brought under Title VII of the Civil Rights Act, the Court

noted that section 1981 affords similar protection. 415 U.S. at 47 n.7, 94 S.Ct. at 1019 n.7.

or not the plaintiff's discharge was founded upon just cause, it would have found, based upon the evidence introduced at trial, that nondiscriminatory just cause did exist. Therefore, even if the plaintiff's view of the law is correct in this area, the result of the case would not be changed.

Since the court did in fact admit all of Becton's evidence, we will not remand this case merely so the court can "reconsider" the same evidence and inevitably reach the same result. We have reviewed the entire record, and although we might have reached a different decision *de novo*, we find that the lower court's findings of fact are not "clearly erroneous." Therefore, we affirm the District Court's order dismissing Becton's complaint. *See* Fed.R.Civ.P. 52(a). There is credible evidence to support the findings (1) that Becton violated a sufficient number of company rules to warrant his discharge and (2) that he was treated no differently from non-minority employees.

Finally, we find no merit in Becton's argument that the District Court failed to detail its findings of fact as required by Rule 52(a) of the Federal Rules of Civil Procedure. The reported decision, combined with the supplemental order, adequately provided this court with the specific basis of the District Court's conclusions. *Kelley v. Everglades Drainage District*, 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1943) (per curiam).

The judgment below is reversed in part and affirmed in part.