782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAJINDAR S. SANDHU Plaintiff-Appellant,
v.
AAMCO Transmissions, Inc., Defendant-Appellee.
 84-3802
 United States Court of Appeals, Sixth Circuit.
 12/16/85
 
 BEFORE: LIVELY, Chief Judge, WELLFORD, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiff-appellant Rajindar Sandhu appeals from the district court's granting of summary judgment in favor of defendant-appellee AAMCO Transmission, Inc. (AAMCO) in this private discrimination action under 42 U.S.C. Sec. 1981 (1982). On appeal, Sandhu alleges that the district court erroneously concluded that no issues of material fact existed as to his claim. After carefully reviewing the record, we affirm.
 
 
 2
 This case arises out of a series of business dealings between Sandhu, who is a native of India and a United States citizen, and AAMCO. The dealings between the parties originated out of a partnership agreement, entered into in November of 1977, between Sandhu and Vijay Nayyar, pertaining to an AAMCO transmission center which Nayyar had recently puchased. In late February or early March of 1978, Nayyar contacted AAMCO, requested that Sandhu be added to the partnership agreement between Nayyar and AAMCO, and asked if Sandhu could attend AAMCO's training course. AAMCO agreed and after Sandhu completed the training course in April of 1978, he was added to the partnership agreement.
 
 
 3
 Sandhu, shortly thereafter, submitted a second, independent franchise application to AAMCO with an attendant site application for the northeastern zone of Columbus. At this time, another individual, Schwartz, already had an application pending for the same site zone. Due to AAMCO's first-come, first-serve policy, Schwartz's application was considered before Sandhu's. Sandhu, for reasons which are disputed, withdrew his application in June of 1978. After Sandhu had withdrawn his application, Schwartz was unable to obtain a necessary zoning variance, which caused his application to lapse. The next applicant, Vogt, was subsequently considered and approved for the zone.
 
 
 4
 There were no other significant contacts between AAMCO and Sandhu until April 1979 when the franchise in which Sandhu and Nayyar were partners was inspected by AAMCO. The inspection disclosed seven violations of AAMCO required procedures and four violations of a Federal Trade Commission consent decree with AAMCO. Because of these violations, an AAMCO representative, Jerry Ross, requested that Sandhu and Nayyar sell their franchise back to AAMCO. Sandhu and Nayyar refused, contending that they had remedied the violations. AAMCO later dropped the matter.
 
 
 5
 On September 3, 1981, Nayyar and Sandhu jointly sought an additional franchise in Newark, Ohio. AAMCO responded to the request in a letter dated March 31, 1982 which stated that their application would be held in abeyance for ninety days to allow various deficiencies in their existing franchise to be corrected. Before Nayyar and Sandhu had received this letter, they submitted another application on March 25, 1982 for a franchise in Dublin, Ohio. AAMCO responded to this request in a letter dated April 12, 1982 which referenced to the March 31 letter and stated that the application would be held in abeyance for ninety days. Sometime in July, 1982, Sandhu sold his partnership interest to Nayyar and Nayyar then informed AAMCO that he did not desire to pursue the applications for franchises in Dublin or Newark. Sandhu then commenced the present action under 42 U.S.C. Sec. 1981 (1982) against AAMCO, alleging that AAMCO discriminated against him on the basis of his Indian heritage by favoring Caucasian applicants over him, by harassing him with unwarranted inspections, and by trying to force Nayyar and him to sell their franchise.
 
 
 6
 Section 1981, 42 U.S.C. Sec. 1981 (1982), guarantees 'all persons . . . the same right . . . to make and enforce contracts.' Although Section 1981 prohibits all racial discrimination whether or not the defendant acts under the color of state law, Jones v. Alfred H. Mayer Co., 392 U.S. 409, 436 (1968), the plaintiff, in order to establish a cognizable claim, must prove that the defendant purposefully discriminated against him, General Building Contractors Association, Inc. v. Pennsylvania, 458 U.S. 375, 387-91 (1982). The plaintiff's burden of proof as to intentional discrimination is ameliorated by the application of the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) paradigm to actions under Section 1981. Becton v. Detroit Terminal of Consolidated Freightways, 687 F.2d 140, 141 (6th Cir. 1982), cert. denied, 460 U.S. 1040 (1983). Thus, in general terms, a plaintiff establishes a prima facie case of intentional discrimination by establishing that he is a member of a minority group, that he was qualified and applied for the job, that he was not hired, and that a nonminiorty member was hired. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Furthermore, since this case was decided on a motion for summary judgment, see Fed. R. Civ. P. 56(c), we can only affirm the district court's decision if viewing the evidence in a light most favorable to Sandhu no issue of material fact exists as to Sandhu's discrimination claim. See SEC v. Blavin, 760 F.2d 706, 710 (6th Cir. 1985) (per curiam). With this standard in mind, we turn to Sandhu's assignments of error.
 
 
 7
 Sandhu's first assignment of error is that the district court erroneously determined that no issue of material fact existed pertaining to his claim that AAMCO discriminated against him in considering Schwartz's application before his and in AAMCO's giving the franchise in the northeastern zone of Columbus to Vogt. Sandhu does not dispute that Schwartz's application was received by AAMCO first, that AAMCO's legitimate, nondiscriminatory policy was to consider applications on a first-come, first-serve basis, that he voluntarily withdrew his application before Schwartz's application lapsed, and that Vogt's application was the next in line after Schwartz's application lapsed. These undisputed facts mandate that we affirm the district court on this issue. Concerning AAMCO's considering of Schwartz's application before Sandhu's, even assuming Sandhu established a prima facie case, AAMCO considered Schwartz's application first pursuant to its undisputed legitimate, nondiscriminatory policy of considering applications on a first-come, first-serve basis. Thus, in light of Sandhu's failure to establish that this policy was pretextual, the granting of summary judgment was appropriate. See Burdine, 450 U.S. at 253. Further, as to AAMCO's granting Vogt a franchise in the northeastern zone of Columbus, Sandhu has admitted that he voluntarily withdrew his application before Schwartz's application lapsed. Consequently, Sandhu did not even have an application pending when AAMCO considered Vogt's. As a matter of law, therefore, Sandhu has failed to establish a prima facie case of discrimination. Accordingly, we reject Sandhu's first assignment of error.
 
 
 8
 Sandhu next contends that AAMCO conducted a harassing and discriminatory inspection of his and Nayyar's franchise. This claim fails for two reasons. First, Sandhu has not controverted the fact that all Columbus AAMCO franchises, including his own, were inspected at approximately the same time. Second, Sandhu explicitly acknowledged that he did not know if his franchise was being treated unlike any other AAMCO franchise. From the foregoing, the only conclusion which can be drawn from the evidence is that AAMCO did not treat the Sandhu-Nayyar franchise any different from the other Columbus franchises. Therefore, the district court properly granted summary judgment in AAMCO's favor on this issue.
 
 
 9
 Even assuming that the inspection was legitimate, Sandhu maintains that he and Nayyar were asked to sell their franchise back to AAMCO while similarly situated Caucasian franchisors were not. Initially, Sandhu does not dispute that, at the time of the inspection, his franchise was in violation of both AAMCO's required procedures and a Federal Trade Commission consent decree. AAMCO's Vice President, Shnycer, in his affidavit stated that he had requested his special assistant, Ross, to ask other franchisors with similar violations to sell their franchises back to AAMCO. To controvert Shnycer's affidavit, Sandhu introduced his own affidavit which averred 'upon belief' that other franchisors with similar violations were not asked to sell their franchises. Sandhu's mere allegation 'upon belief' simply does not suffice to create an issue of material fact. See Smith v. Hudson, 600 F.2d 60, 64-65 (6th Cir.), cert. denied, 444 U.S. 986 (1979). Accordingly, the district court properly determined that Sandhu failed to create an issue of material fact on this issue.
 
 
 10
 Sandhu's final contention is that a material issue of fact exists pertaining to whether AAMCO discriminated against him by holding his and Nayyar's joint applications for franchises in Dublin and Newark, Ohio in abeyance pending their curing of deficiencies in their Columbus franchise. Sandhu does not dispute that the existing franchise was, among other things, in arrears in paying its franchise fees; rather, Sandhu alleges that Vogt was given an additional franchise despite similar deficiencies his then existing franchise. Again, Sandhu's only support for this theory is his own allegation that Vogt's existing franchise had similar deficiencies. In contrast, AAMCO introduced the affidavit of its contract administrator, Max Cades, in which Cades averred that Vogt's existing franchise did not have any deficiencies when Vogt was granted another franchise. Further, AAMCO introduced its prereview board form which indicated that Vogt had met all the requirements for an additional franchise. Sandhu's mere allegation alone does not suffice to controvert the evidence which AAMCO introduced on this issue. See Smith, 600 F.2d at 64-65. Thus, the district court properly concluded that no issue of material fact existed as to this question.
 
 
 11
 Based upon the foregoing, the judgment of the district court is affirmed.