853 F.2d 927
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilma MINTER, Plaintiff-Appellant,
v.
RUTHERFORD COUNTY BOARD OF EDUCATION, Defendant-Appellee.
 No. 87-6119.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1988.
 
 Before KEITH, KENNEDY and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wilma Minter appeals the judgment against her in the employment discrimination suit she brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Minter claimed that the appellee school board dismissed her from her position as a school cafeteria manager because she is black. The District Court found that she was dismissed because of her job performance, specifically the fact that the cafeteria she managed ran a deficit for three consecutive years. Because there are no legal errors requiring reversal of the judgment, and because none of the factual findings on which the District Court based its judgment are clearly erroneous, we affirm.
 
 
 2
 We will discuss only one issue raised by appellant. Minter argues that the judgment rests on "irreconcilable conflicting findings of material facts." The basis of this argument is that the District Court first held that Minter had shown, sufficiently to satisfy her obligation to present a prima facie case, that she was satisfactorily performing her job duties. See Becton v. Detroit Terminal of Consolidated Freightways, 687 F.2d 140 (6th Cir.1982), cert. denied, 460 U.S. 1040 (1983) (establishing four-part test for prima facie case in discriminatory discharge claims). The District Court then held that the defendant had satisfied its burden of articulating a non-discriminatory reason for the firing, and that the Court believed this reason, the repeated deficits, was not pretextual.
 
 
 3
 According to Minter, there is no way these two factual findings can be reconciled. We do not agree. We think it is plain that the District Court was saying that Minter had satisfied her burden of persuasion as to her job performance sufficiently to shift the burden of producing evidence to the school board. In other words, if the school board had failed to produce evidence of any non-discriminatory reasons, Minter would have prevailed. The District Court's language strengthens this reading:
 
 
 4
 Arguably, the question of whether the deficits incurred by Ms. Minter were in dereliction of her duty is one which, if answered affirmatively, would preclude further investigation of plaintiff's Title VII claim. However, because of Mr. Zachary's testimony that Ms. Minter capably executed her duties until he was pressured to fire her, the Court is satisfied that the second prong of the Becton test has been met. The plaintiff's burden in establishing a prima facie case in Title VII cases is not a heavy one and the proof need not be conclusive. All plaintiff needs to establish is an inference of discrimination. Plaintiff has done so.
 
 
 5
 Joint Appendix at 27 (citations omitted).
 
 
 6
 The school board did produce evidence, and the District Court believed that evidence. There is no "irreconcilable conflict" that requires invalidation of the judgment.
 
 
 7
 The seeming "conflict" in the District Court's findings may stem from the incongruity of explaining at the end of the case the application of the three-stage burden allocation procedure derived from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). That procedure seems to require a temporal dimension: first the plaintiff must establish a prima facie case; then the defendant bears the burden of producing evidence of a non-discriminatory motive, and then the plaintiff must show that the defendant's explanation is not true. In a trial, however, the logical order of these stages need not be followed chronologically. For example, the testimony of the plaintiff's first witness may be partially directed at rebutting the anticipated defense; the cross-examination of that witness may be aimed at establishing that defense. When, after all the evidence has been presented, the trial judge decides first that the plaintiff has established a prima facie case, this need not mean that the plaintiff completed this step before any other evidence was heard. It does mean that the trial judge believes he or she cannot decide the case without taking into consideration the defendant's evidence. That is what the District Court did here.
 
 
 8
 We believe the District Court applied the correct legal principles and considered all relevant evidence. The judgment is affirmed.