865 F.2d 1268
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Levi B. LONG, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, a foreign corporation, Defendant-Appellee.
 No. 88-1070.
 United States Court of Appeals, Sixth Circuit.
 Jan. 17, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's order granting summary judgment for defendant in this action alleging wrongful discharge and racial discrimination. We affirm.
 
 I.
 
 2
 Plaintiff-appellant Levi Long, a black male, was employed by defendant General Motors Corporation from September 21, 1976 until February 10, 1984. On February 9, 1984, plaintiff, while having a discussion with union representative John Kolhagen at defendant's Delco Moraine facility in Saginaw, Michigan, became enraged, reached into a parts basket and grabbed a number of steering knuckles weighing between twelve and sixteen pounds, and began throwing the knuckles overhand toward Kolhagen and Terry Gould, a production supervisor at defendant's plant. Although plaintiff contends that he was not throwing the knuckles at anyone, the arbitrator found otherwise. The following day, February 10, 1984, plaintiff was discharged. He was replaced by a female of Hispanic-American descent.
 
 
 3
 Plaintiff, a member of the United Auto Workers, filed an employee grievance pursuant to the collective bargaining agreement between defendant and the United Auto Workers. The union pursued Long's grievance through final and binding arbitration, and on April 21, 1986, the arbitrator issued a ten-page opinion denying the grievance. Plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission, which was dismissed on May 30, 1986. A Right-to-Sue letter was issued on the same day. Plaintiff admitted receiving the Right-to-Sue notice "in June or July of 1986."
 
 
 4
 On February 9, 1987, plaintiff filed a pro se complaint in Wayne County Circuit Court alleging wrongful discharge and racial discrimination. Defendant subsequently removed the case to the district court on the ground that a federal question was presented under Sec. 301 of the Labor Management Relations Act ("LRMA"), 29 U.S.C. Sec. 185(a) (1978). On October 23, 1987, plaintiff filed an amended complaint alleging violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. Sec. 2000e et seq. (1981); 42 U.S.C. Sec. 1981 (1981); Sec. 301 of the LRMA; the Elliott-Larsen Civil Rights Act, MCL Sec. 37.2101 et seq. (1985); and the fourteenth amendment to the United States Constitution. Plaintiff subsequently withdrew his claims for wrongful discharge under Sec. 301 of the LRMA, and his claim under the fourteenth amendment. Defendant then moved for summary judgment on November 5, 1987.
 
 
 5
 On December 11, 1987, the district court entered an order granting defendant's motion for summary judgment. The court first held that plaintiff's claim under the Michigan Elliott-Larsen Act, MCLA Sec. 37.2101 et seq., was preempted by federal law because resolution of the state-law claims is "substantially dependent" upon an analysis of the collective bargaining agreement between defendant and the UAW. The court therefore dismissed the Elliott-Larsen claim. The district court next refused to set aside the arbitrator's determination that defendant had not violated the collective bargaining agreement on the ground that "there are no allegations that the arbitrator acted outside the scope of the CBA...." The district court then addressed plaintiff's claim under Title VII, and concluded that defendant was entitled to summary judgment because plaintiff had failed to file a civil action within 90 days of receipt of the Right-to-Sue letter from the EEOC in accordance with 42 U.S.C. Sec. 2000e-5(b)(1).
 
 
 6
 Finally, the district court concluded, with respect to plaintiff's claim under 42 U.S.C. Sec. 1981, that defendant was entitled to summary judgment because: plaintiff (1) failed to present a prima facie case of race discrimination; and (2) failed to present evidence of intentional discrimination. Thus, the district court entered summary judgment against plaintiff on all claims. Plaintiff now appeals.
 
 II.
 
 7
 Fed.R.Civ.P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Supreme Court has stated that "[b]y its very terms, the standard provides that the mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).
 
 A.
 
 8
 The district court dismissed plaintiff's state court claims under the Michigan Elliott-Larsen Act, MCL Sec. 37.2101 et seq., on the ground that they are preempted by federal law because the state law claims are substantially dependent upon an analysis of the collective bargaining agreement between UAW and defendant. We think the district court's conclusion is based on a correct reading of the Supreme Court's decision in Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985) in which that Court stated: "[T]herefore, state-law rights and obligations that do not exist independently of private agreement ... are pre-empted by those agreements." On appeal, plaintiff does not challenge the district court's pre-emption holding, but argues that the district court's dismissal of the Elliott-Larsen claim was erroneous because the district court improperly deferred to the decision of the arbitrator. Plaintiff points to this court's decision in Becton v. Detroit Terminal of Consolidated Freightways, 687 F.2d 140 (6th Cir.1982) and the Supreme Court's decision in Alexander v. Gardner-Denver, 415 U.S. 36 (1974) for the proposition that a district court should not defer completely, or even give "great weight" to an arbitrator's decision in a discrimination case, but rather should "reconsider evidence rejected by an arbitrator in previous proceedings." 687 F.2d at 142. Plaintiff's argument is without merit because the district court's dismissal of the Elliott-Larsen claim was based not on the court's deferral to the decision of the arbitrator, but upon the legal conclusion, which plaintiff does not challenge, that the Elliott-Larsen claim is preempted by federal law. Thus, the district court's "deferral" to the arbitrator's decision had no bearing on its determination that defendant was entitled to summary judgment on plaintiff's Elliott-Larsen claim.
 
 B.
 
 9
 Plaintiff also appeals the district court's decision granting summary judgment to defendant on plaintiff's claim of race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The district court based its dismissal of the Title VII claim on the fact that plaintiff admits that he received the Right-to-Sue letter from the EEOC, at the very latest, by July 31, 1986. Plaintiff did not file suit until February 9, 1987, more than 180 days after the receipt of the notification. Thus, plaintiff's suit is barred because a civil action under Title VII must be filed within 90 days of the receipt of a Right-to-Sue letter from the EEOC. 42 U.S.C. Sec. 2000e-5(f)(1) (1981). It is well settled that "Title VII filing requirements are jurisdictional, but are susceptible to equitable tolling in limited circumstances." Brown v. Mead Corp., 646 F.2d 1163, 1165 (6th Cir.1981) (citations omitted). Plaintiff has offered no equitable justification for tolling the limitation period in this case; indeed, on appeal plaintiff does not object to the district court's determination on the limitation question at all. The district court was correct in granting summary judgment to defendant on the Title VII claim.
 
 C.
 
 10
 Finally, plaintiff objects to the district court's granting of summary judgment to defendant on his claim of race discrimination under 42 U.S.C. Sec. 1981. The district court based its grant of summary judgment on the Sec. 1981 claim on the failure of plaintiff to produce evidence on two essential elements of the claim: (1) disparate treatment; and (2) intentional discrimination. See generally General Building Contractors Association v. Pennsylvania, 458 U.S. 375 (1982). On appeal, plaintiff argues that he has raised a genuine issue of material fact with regard to both of these elements by making several allegations that white employees who had engaged in conduct similar to that for which plaintiff was discharged were disciplined, but not terminated. The district court concluded that plaintiff's testimony did not create a genuine issue of material fact on the question of disparate treatment because it "reveal[ed] only conclusory allegations that white employees were treated differently than plaintiff. ... [P]laintiff fails to demonstrate that all of these employees are white or even that one of them is white. Further, plaintiff's testimony relates only stories he heard around the plant. Plaintiff has no first-hand knowledge of any of the alleged incidents nor has he filed an affidavit of someone with personal knowledge of these events." Review of plaintiff's deposition reveals that the district court's conclusions are correct.
 
 
 11
 Under Rule 56(c) the non-moving party has the burden of coming forward with some evidence demonstrating that a genuine issue of material facts exists as to an essential element of proof. If the non-moving party fails to meet this burden, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she had the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Because plaintiff failed to produce any evidence showing disparate treatment discriminating against him, the district court was correct in entering summary judgment for defendant on plaintiff's Sec. 1981 claim.
 
 III.
 
 12
 For the foregoing reasons the district court's order granting summary judgment to defendant on all claims is AFFIRMED.