898 F.2d 155
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard VICKERS, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICE, INC., Defendant-Appellee.
 No. 89-3583.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1990.
 
 1
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE C. SMITH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Leonard Vickers requests appointment of counsel, and appeals from the district court's order granting defendant's motion for summary judgment with respect to Vickers' claims brought pursuant to 42 U.S.C. Sec. 1981, 42 U.S.C. Sec. 2000 et seq., Title VII of the Civil Rights Act of 1964 and Ohio Revised Code Sec. 4112.01.
 
 
 4
 Seeking monetary damages and reinstatement, Vickers sued his former employer, United Parcel Service, Inc. (UPS), alleging that he was unlawfully terminated because of his race. He also raised a pendent state law claim for intentional infliction of emotional distress. Defendant moved for summary judgment, supported by affidavits and documentary evidence which showed that Vickers had been terminated for gross insubordination and failure to follow management's instructions.
 
 
 5
 Upon consideration, we conclude that the district court properly entered summary judgment as there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 6
 Initially, we note that the Supreme Court's decision in Patterson v. McLean Credit Union, 109 S.Ct. 2363 (1989), clearly precludes any cause of action under 42 U.S.C. Sec. 1981 for racial harassment within a hostile work environment. Id. at 2369. Vickers' racial discrimination claim arising from a hostile work environment is, however, cognizable under Title VII of the Civil Rights Act of 1964. Id. at 2374. Nonetheless, the district court correctly decided that Vickers did not establish essential elements of his case with respect to which he had the burden of proof.
 
 
 7
 First, Vickers cannot establish the essential elements of his case with respect to his racial discrimination claim cognizable under Title VII. Defendant demonstrated through documented proof that Vickers was not replaced by a non-minority worker. See Becton v. Detroit Terminal of Consolidated Freightways, 687 F.2d 140, 141 (6th Cir.1982), cert. denied, 460 U.S. 1040 (1983). Moreover, once defendant gave legitimate, nondiscriminatory reasons for its actions, it was incumbent upon Vickers to persuade the court by a preponderance of the evidence that the reasons stated were a pretext for racial discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Vickers did not come forward with any evidence to prove that defendant's articulated reasons were pretextual. In fact, Vickers readily admits the underlying facts which led to the decision to terminate his employment. Thus, in light of the absence of evidence to support Vickers' Title VII case, summary judgment was proper.
 
 
 8
 Second, Vickers cannot establish the essential elements with respect to his pendent state claim for intentional infliction of emotional distress. In this case, the only emotional distress which Vickers suffered consisted of sleepless nights and a lack of trust in people. Vickers, however, never consulted medical or psychological experts for assistance. Accordingly, we conclude that the district court correctly determined that Vickers failed to establish mental disturbance of sufficient severity to establish a prima facie case for intentional infliction of emotional distress under Ohio law. See Gagne v. Northwestern Nat'l Insurance Co., 881 F.2d 309, 318 (6th Cir.1989); Pyle v. Pyle, 11 Ohio App.3d 31, 34 (1983).
 
 
 9
 For the foregoing reasons, the request for appointed counsel is denied, the district court's grant of summary judgment in favor of defendant is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George C. Smith, U.S. District Judge for the Southern District of Ohio; sitting by designation