27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mattie Lee ROBINSON, Plaintiff-Appellant,
v.
OAKWOOD HOSPITAL, (DAYCARE), Defendant-Appellee.
 No. 94-1081.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1994.
 
 Before: KEITH, NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Mattie Lee Robinson appeals the summary judgment in favor of the defendant, Oakwood Hospital, in this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robinson, a black woman, was hired as a child care aide by the defendant hospital on September 10, 1991. She sought monetary relief in this suit alleging that she was terminated on the basis of her race. The underlying events leading to her termination are set forth in the district court's order granting the defendant's motion for summary judgment and will not be repeated here. The district court concluded that Robinson failed to establish a prima facie case of racial discrimination.
 
 
 3
 Upon review, we conclude that summary judgment was proper, as Robinson did not establish the existence of any genuine issue of material fact and the defendant was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 4
 Robinson failed to establish a prima facie case of discrimination. To succeed in a racial discrimination case, "the plaintiff must first make out a prima facie case by producing evidence (1) that [s]he belongs to a racial minority, (2) that [s]he was satisfactorily performing [her] job, (3) that despite this performance [s]he was terminated, and (4) that [s]he was replaced by a nonminority worker." Becton v. Detroit Terminal of Consol. Freightways, 687 F.2d 140, 141 (6th Cir.1982), cert. denied, 460 U.S. 1040 (1983). See also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The plaintiff must prove the prima facie case by a preponderance of this evidence. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). "[I]f the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' " Id. at 253 (citations omitted). "[S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id. The prima facie case method established in McDonnell Douglas was not intended to be rigid, mechanized, or ritualistic, and the proof will necessarily vary with each factual situation. Furnco Constr. Corp. v. Waters, 438 U.S. 567, 575 (1978); Mills v. Ford Motor Co., 800 F.2d 635, 639 (6th Cir.1986). "All the plaintiff must establish at the prima facie stage is that her discharge raised an inference of discrimination." Id. (italics in original).
 
 
 5
 The district court was correct in concluding that Robinson had not carried her initial burden of establishing a prima facie case of discrimination. The record is replete with evidence that Robinson was not satisfactorily performing her job. The incidents outlined in the reprimand and termination letters submitted by the defendant show that Robinson often lacked good judgment and that her employer was not satisfied with her performance. Robinson's response, that a white woman was suspended for allegedly bruising a child and was later reinstated with back pay, although tending to show that similarly situated white employees were treated differently, does not overcome the overwhelming evidence demonstrating Robinson's poor work performance. Furthermore, Robinson stated in her deposition that she did not know or could not say if any of the people involved in her termination were prejudiced against black people. The evidence presented by Robinson simply does not create an inference of discrimination; therefore, the district court correctly granted summary judgment in favor of the defendant.
 
 
 6
 Even if Robinson could state a prima facie case of racial discrimination, summary judgment was proper in this case because the defendant offered a legitimate, non-discriminatory reason for Robinson's termination, i.e; Robinson had demonstrated an inability to appropriately care for small children, particularly infants.
 
 
 7
 Finally, Robinson argues that the district court failed to consider her claim under the Elliott-Larsen Civil Rights Act, and the First and Fourteenth Amendments. Robinson did not file her suit pursuant to the Elliott-Larsen Civil Rights Act, nor did she assert any claims under the First and Fourteenth Amendments in her complaint. As a result, such claims are not reviewable on appeal as they were not asserted for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.