Roger ASKIN, Richard T. Phillips and James Yocum, Plaintiffs,

v.

FIRESTONE TIRE & RUBBER CO., Defendant.

Civ. A. No. 83–83.

United States District Court, E.D. Kentucky, Covington Division.

Jan. 11, 1985.

Kenneth W. Scott, Edward S. Monohan, IV, Florence, Ky., for plaintiffs.

Mark G. Arnzen, Covington, Ky., Millisor, Belkin & Nobil, Cleveland, Ohio, for defendant.

## OPINION AND ORDER

BERTELSMAN, District Judge:

This matter is before the court on the motion of the plaintiffs to reconsider this court's order and judgment granting defendant's motion for summary judgment and dismissing plaintiffs' complaint. The court will treat the "motion for reconsideration" as a motion to alter, amend or vacate the judgment pursuant to Fed.R.Civ.P. 59.

The facts are fully reflected in the materials supporting and opposing the motion for summary judgment, in the completed final pretrial order and in the transcript of the final pretrial conference, which the court also considered. Nevertheless, a brief recapitulation of the facts will be helpful.

Each of the three plaintiffs was a store manager or assistant manager for the defendant Firestone. Each was a member of the protected age group (over 40) [1] and each was discharged and replaced by a younger person. Thus, according to the authorities hereinafter cited, the plaintiffs did make out a *"prima facie* case." The exact meaning of the term *"prima facie* case" in this context is the principal subject of this opinion.

Defendant articulated and supported by admissible evidence reasons for the adverse personnel action to the effect that the performance of each plaintiff was unsatisfactory. Primarily, Firestone complained of the plaintiffs' inability to make the various stores to which they were as-

---

1. Plaintiff Richard Phillips was 44 years of age; plaintiff James Yocum was 46 years of age; and plaintiff Roger Askin was 43 years of age.

signed profit-making ventures. Each plaintiff admitted in his deposition that the store to which he was assigned was suffering growing loses under Firestone's accounting system and that his performance had been criticized by his superiors.

The plaintiffs attempted to challenge the articulated reasons of the defendant by proffering evidence that Firestone's policies for managers were unreasonable, that the managers were given insufficient voice in managing their particular stores, that the stores were charged with expenses over which the managers had little control, that Firestone would not follow the managers' advice, charged unreasonable amounts to the stores to purchase inventory, and used unreasonable internal accounting procedures in computing profitability.

Throughout the lengthy hearing on the summary judgment motion, the court kept reiterating that in its understanding of the law the plaintiffs were required to do more at this stage than show that the defendant was unreasonable. Plaintiffs were required to show that the articulated reasons were a pretext for age discrimination, rather than a pretext for arbitrariness. This plaintiffs did not do and admitted they could not do.[2]

■ Plaintiffs argued strenuously that if they could show that defendant's articulated reasons were unreasonable or a pretext for some arbitrary or oppressive motive, plaintiffs could then fall back on their *"prima facie* case" without introducing specific evidence that the articulated reasons were a pretext for age discrimination. The court held that this was not the law, and a review of the authorities confirms that holding.

■ The fallacy of the plaintiffs' argument is their failure to understand the effect of their making out a *"prima facie* case" in this context. As stated in the Fourth Circuit's well reasoned opinion in *Lovelace v. Sherwin-Williams Co.,* 681 F.2d 230, 238 (4th Cir.1982):

"The substantive elements of the claim— without regard to attempted modes of proof—are (a) that an employee covered by the Act (b) has suffered an unfavorable employment action by an employer covered by the Act (c) under circumstances in which the employee's 'age was a determining factor' in the action in the sense that ' "but for" his employer's motive to discriminate against him because of his age, he would not [have suffered the action].' *Spagnuolo v. Whirlpool Corp.,* 641 F.2d at 1112 (citing to *Loeb [v. Textron, Inc.,* 600 F.2d 1003, 1019 (1st Cir.1979)])."

Because of the difficulty of proving discriminatory motive the Supreme Court in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), has made available a special order of proof in employment discrimination cases, the initial stage of which

---

**2.** A typical segment of the oral hearing on the motion for summary judgment went as follows (Transcript, page 26):

"MR. MONOHAN: Judge, Roger Askins was transferred to the Newport store. And he told his Newport supervisor before he went that everybody who goes there gets fired. He said, 'I don't want to go to Newport. Everybody who goes in there gets fired.'
THE COURT: That's the very point I'm trying to make. You keep confusing the fact that they may have been unreasonable. I'm not saying they were reasonable. But let's assume they were unreasonable (but not) to get people because of their age. If they're very unreasonable, ... if they're unreasonable about their position and even if they've got a policy of rapid turnover, if it's not because of age or race, it's not protected—or sex—it's not protected.

MR. MONOHAN: I guess we keep going back to our—
THE COURT: You've got to have evidence. I just can't—(the authorities) are very clear that I'm not just to let you offer a lot of speculation to the jury about—'Well, gee, it must have been my age because I was a good employee.' You have to have some pattern. I guess you have to show some kind of a pattern or catch them with their hand in the cookie jar.
MR. MONOHAN: *Well, we maintain we cannot do that. We will admit that to the Court. We can't catch them with their hand in the cookie jar. We can simply show that these are people in the protected category. They were doing a good job. They were fired for no reason at all. That's probably—that's it."*
(Emphasis added)

is described as plaintiff's making out a "*prima facie* case" by adducing evidence of the following four factors: (1) that he was in the protected group (here over 40); (2) that he applied for or held a job for which he was qualified; (3) that adverse job action was taken and (4) that the job remained open and applicants for it were sought.[3] Of course, if a plaintiff has more direct proof of age discrimination, he may introduce such evidence in addition to or instead of these classic four factors.[4]

■ As stated, the plaintiffs here produced evidence showing the four enumerated factors [5] but no specific evidence of age discrimination. Under *Burdine*, if the plaintiff makes out a "*prima facie* case," the burden then shifts to defendant to articulate a legitimate non-discriminatory reason for having discharged plaintiffs.[6] Firestone here met this burden with evidence that the stores where plaintiffs were employed were not profitable under Firestone's accounting criteria in use.

The plaintiffs contend that their evidence casting aspersions on the defendant's articulated non-discriminatory reasons for the discharges showed that Firestone's policies are unreasonable, arbitrary or ill-advised, or based on improper accounting principles. They argue that they, therefore, have a right to go to the jury on the evidence that made out the "*prima facie* case", without introducing any further evidence of age discrimination.

This is not the first case where plaintiffs have made such an argument. However, the position of plaintiffs here is based on a misunderstanding of the law of presumptions in this context. The error of plaintiffs' view is illustrated by a careful analysis of the Supreme Court's discussion in *Burdine, supra.*

■ As is well known, the primary holding of *Burdine* that the burden that shifts to the defendant in a discrimination case upon the plaintiff's making out a "*prima facie* case" is one, not of persuasion, but of going forward with the evidence. However, a careful reading of the Court's opinion also reveals the limited effect of the plaintiff's "*prima facie* case."

The Court's meaning in this regard is apparent from its discussions in footnotes 7, 8 and 10 in the *Burdine* opinion. These notes are as follows:

"[7] The phrase 'prima facie case' not only may denote the establishment of a legally mandatory, rebuttable presumption, but also may be used by courts to describe the plaintiff's burden of producing enough evidence to permit the trier of fact to infer the fact at issue. 9 J. Wigmore, Evidence § 2494 (3d ed. 1940). *McDonnell Douglas* should have made it apparent that in the Title VII context we use 'prima facie case' in the former sense."

\* \* \* \* \* \*

"[8] This evidentiary relationship between the presumption created by a prima facie case and the consequential burden of production placed on the defendant is a traditional feature of the common law. 'The word "presumption" properly used refers only to a device for allocating the production burden.' F.

---

**3.** 450 U.S. at 253, n. 6, 101 S.Ct. at 1094, n. 6. *See also, Lovelace, supra; Laugesen v. Anaconda Company,* 510 F.2d 307, 311 (6th Cir.1975).

**4.** *Blackwell v. Sun Electric Corporation,* 696 F.2d 1176, 1179 (6th Cir.1983) (four factors not to be applied rigidly, rather case-by-case approach to be used in age discrimination). *See Grubb v. W.A. Foote Mem. Hospital,* 741 F.2d 1486, 1498 (6th Cir.1984) (*prima facie* case may be made by using the four factors or by statistical information or other direct or circumstantial evidence of age discrimination).

**5.** Some cases state that if the employer has genuinely shown that it is not satisfied with the plaintiff's job performance, plaintiff has not proved the second factor in *Burdine.* The court will assume for purposes of this motion that this factor has been met. See cases in note 6, *infra.*

**6.** A defendant must only "articulate" such reason by adducing admissible evidence of it. The burden of persuasion remains with plaintiff throughout the case. See discussion, *infra* and especially *Davis v. Combustion Engineering,* 742 F.2d 916, 921 (6th Cir.1984) and cases cited therein.

James & G. Hazard, Civil Procedure § 7.9, p. 255 (2d ed. 1977) (footnote omitted). See Fed.Rule Evid. 301. See generally 9 J. Wigmore, Evidence § 2491(3d ed. 1940). Cf. J. Maguire, Evidence, Common Sense and Common Law 185–186 (1947). Usually, assessing the burden of production helps the judge determine whether the litigants have created an issue of fact to be decided by the jury. In a Title VII case, the allocation of burdens and the creation of a presumption by the establishment of a prima facie case is intended progressively to sharpen the inquiry into the elusive factual question of intentional discrimination."

\*      \*      \*      \*      \*      \*

"10  See generally J. Thayer, Preliminary Treatise on Evidence 346 (1898). In saying that the presumption drops from the case, we do not imply that the trier of fact no longer may consider evidence previously introduced by the plaintiff to establish a prima facie case. A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual. Indeed, there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation."

■ Thus, under the doctrine of *Burdine,* the making of the *"prima facie* case" by the plaintiff only shifts to the defendant the doctrine of going forward to produce some specific admissible evidence of a non-discriminatory reason for the personnel action complained of. Once the defendant has done, this, the plaintiff must be given an opportunity to show that the articulated reason is a pretext. But the "pretext" must be a pretext for discrimination, not a pretext of some other ill-advised or unreasonable factor, such as a personality conflict or unreasonably high but evenly applied standards of performance. *Harker v. Federal Land Bank of Louisville,* 679 S.W.2d 226, 231 (Ky.1984).

■ Upon introduction of the plaintiff's pretextual evidence, the court then evaluates plaintiff's case as a whole, including the evidence originally introduced to make out the *"prima facie* case" and the evidence to rebut the pretext. *Lovelace v. Sherwin Williams Co.,* 681 F.2d 230, 240–1 (4th Cir.1982).

■ *Even though the* prima facie *case may have been enough to shift the burden of production to the defendant, it is not necessarily enough to entitle the plaintiff to submit his or her case to the jury.* This is the principle plaintiffs here fail to understand. To avoid confusion in this kind of case, it is absolutely essential to distinguish the two meanings of the term *"prima facie* case." As made clear by a careful reading of the *Burdine* opinion, *the plaintiff may have adduced a* prima facie *case in one sense, that is, shifted the burden of production, without having adduced one in a second sense of producing sufficient evidence to meet the challenge of a motion for directed verdict.* For purposes of illustration it is helpful to employ two distinct terms for the two kinds of *"prima facie* case." *"Prima facie* case (production)" and *"prima facie* case (persuasion)" will do as well as any. Using these terms for clarification, the law concerning burden of proof in these cases may then be stated as follows:

(1) The plaintiff adduces evidence making out a *prima facie* case (production).
(2) If the defendant offers no evidence plaintiff is entitled to a directed verdict.
(3) If the defendant offers admissible evidence of a non-discriminatory reason for the adverse action, the plaintiffs may then introduce further evidence to show that the defendant's reason is a pretext *for discrimination.*
(4) Then upon a motion for directed verdict, the court must re-evaluate all the evidence to see if plaintiffs have made

out a *prima facie* case (persuasion). In doing so, the court must consider the evidence plaintiff offered earlier in establishing the *prima facie* case (production) as well as all other evidence.

(5) But the fact that plaintiff earlier established a *prima facie* case (production) does not automatically mean that he has established a *prima facie* case (persuasion). That must be determined by the court in utilizing the usual directed verdict tests.[7]

The above process is merely an application of the standard law of rebuttable presumptions. "Whenever a rule of law, whatever the terminology by which it is formulated, provides that from one fact or group of facts a specified assumption must be made in the absence of explanation, the product is a rebuttable presumption." D. Louisell & C. Mueller, *Federal Evidence* 539 (1977). Upon the establishing by plaintiff of a *prima facie* case (production) a rebuttable presumption arises shifting the burden of producing evidence to the defendant. Upon defendant's meeting said burden the presumption "disappears," and the evidence is re-evaluated in the usual manner on a directed verdict or summary judgment motion.

Thus, the *Burdine* model is a special application of Fed.R.Evid. 301.[8] It has been stated by a leading text that the evidence giving rise to a rebuttable presumption will also meet a directed verdict challenge only if the evidence making up the rebuttable presumption is itself then sufficient in logic and reason to support the presumed fact, once the rebuttable presumption is dissipated. S. Saltzburg & K. Redden, *Federal Rules of Evidence Manual*, 66–67 (3d ed. 1982), quoting Louisell, *Instructing the Jury on Presumption in*

*Civil Actions & Proceedings,* 63 Va.L.Rev. 281 (1977). Or, in the terms we have used in this opinion: the *prima facie* case (production) will also be a *prima facie* case (persuasion) only if the evidence making up the former is in itself sufficient to withstand a directed verdict or summary judgment challenge.

In the case at bar, we have an illustration of these principles. The plaintiffs made out a *prima facie* case (production). The defendant then proffered specific admissible evidence articulating a non-discriminatory reason for its action—the unprofitability of the stores.

Plaintiff attacked the reasonableness and soundness of the justification offered by the defendant. But plaintiffs, although perhaps showing that defendant's personnel policies were ill-advised and their calculations of profitability not in accordance with generally accepted accounting principles, still offered no additional statistical, direct, or circumstantial proof of age discrimination. Evaluating all of the evidence in the case, including that making up the original *prima facie* case (production), the court concluded that, even though the plaintiffs succeeded in shifting the burden of production, they failed to carry the burden of persuasion and thus failed to meet a summary judgment challenge. Since at the final pretrial conference, where all plaintiffs' evidence was to be disclosed pursuant to the court's pretrial order, plaintiffs were unable to suggest any other evidence that might be forthcoming, summary judgment was proper.

In the terms stated above, the plaintiffs, although having made out a *prima facie* case (production), failed to make out a *pri-*

---

7. The above is a restatement of the law reflected by *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *Accord: Lovelace v. Sherwin-Williams Co.,* 681 F.2d 230, 239–40 (4th Cir.1982); *Equal Employment Opportunity Commission v. University of Oklahoma,* 554 F.Supp. 735, 738–40 (W.D.Okla.1982).

8. This Rule reads: "In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast."

*ma facie* case (persuasion). The fallacy of their argument on this motion is that they fail to perceive the difference.[9]

For all the proof plaintiffs adduced, Firestone merely had the policy of throwing each manager off the dock into deep water and letting him sink or swim. For all their evidence reflects, young and old were left to drown alike. The law does not guarantee an employee a reasonable employer but only affords protection against discrimination. This point is ably and thoroughly discussed in the excellent opinion of Justice Wintersheimer in *Harker v. Federal Land Bank of Louisville,* 679 S.W.2d 226 (Ky. 1984) (applying federal law by analogy).

Therefore, the motion for reconsideration must be, and is hereby denied.

---

[9.] In addition to those cases already cited the following cases support this court's analysis in this opinion. In *Ackerman v. Diamond Shamrock Corporation,* 670 F.2d 66 (6th Cir.1982), the court squarely rejected the theory that the articulated reasons of the employer may be rejected if unreasonable, arbitrary or capricious and granted summary judgment even though plaintiff had made out a *prima facie* case (production). There, the court said:

"Nothing in the record, other than personal conclusions by Ackerman, suggests that Ackerman's age in any way was a factor in the decision. Even Ackerman seems to be unsure about the motivation behind the elimination of his job. In a letter written to a personal friend, and obtained during discovery, he stated that he thought that a personality conflict was the basis for the decision. Personality conflicts alone cannot supply a basis for an ADEA claim. '[A]n employer may make a subjective judgment to discharge an employee for any reason that is not discriminatory.' *Walter v. KFGO Radio,* 518 F.Supp. 1309, 1314

(D.N.D.1981) *citing Loeb v. Textron, Inc.,* 600 F.2d 1003, 1013 n. 6 (1st Cir.1979). This is especially true when, as in the present case, a management level job is involved. *Loeb v. Textron, supra,* 600 F.2d at 1019." 670 F.2d at 70.

In *Kephart v. Institute of Gas Technology,* 630 F.2d 1217 (7th Cir.1980), it is stated that dissatisfaction with the plaintiff's work, if not a mere pretext, may not only go to the articulated reason of the defendant, but may even be the basis for the finding that the plaintiff has not made out a *prima facie* case (production). 630 F.2d at 1219, 1220, 1223.

A conclusory statement by the plaintiff that he was discharged by reason of age will not serve as a defense against a properly documented summary judgment motion setting forth specific instances of unsatisfactory job performance. *Locke v. Commercial Union Insurance Company,* 676 F.2d 205, 206 (6th Cir.1982). *Accord: Grubb v. W.A. Foote Mem. Hosp.,* 741 F.2d 1486, 1498 (6th Cir.1984).