Carolyn F. PROFFITT, Plaintiff,

v.

ANACOMP, INC., Defendant.

No. C-1-89-298.

United States District Court, S.D. Ohio, W.D.

Aug. 20, 1990.

**423**

Mark Joseph Byrne, Jacobs, Kleinman, Seibel & McNally, Cincinnati, Ohio, for plaintiff.

George Edward Yund, Frost & Jacobs, Cincinnati, Ohio, for defendant.

## ORDER

ROBERT A. STEINBERG, United States Magistrate.

This case is before the Court upon defendant Anacomp's motion for summary judgment. Plaintiff Proffitt contends that she was discharged due to sex and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 (ADEA), and Ohio Rev.Code § 4112.99. Anacomp contends that it is entitled to summary judgment because: 1) no private right of action exists under Ohio Rev.Code § 4112.99; 2) Proffitt cannot establish that her gender was a factor in its decision to discharge her; and 3) Proffitt cannot establish that her age was a factor in its decision to discharge her. Proffitt contests each

issue. The parties have unanimously consented to final judgment by the United States Magistrate.

**In Order To Avoid Summary Judgment Plaintiff Must Submit Sufficient Evidence To Withstand A Directed Verdict Motion**

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552–53.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion. In response to a summary judgment motion properly supported by evidence, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams,* 873 F.2d 929, 931 (6th Cir.1989).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson,* at 249–50, 106 S.Ct. at 2510–11. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir.1989); *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir. 1988). The court should apply the federal directed verdict standard. *Street,* at 1479.

The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

▮ If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street,* at 1478 (citing *Celotex* and *Anderson* ). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## Ohio Rev.Code § 4112.99 Provides For A Private Civil Action

▮ Title 41 of the Ohio Revised Code is concerned with labor and industry and the respective rights of employers and employees. Included in Chapter 4112 are provisions regarding unlawful discriminatory practices (§ 4112.02); discrimination against the handicapped at educational institutions (§ 4112.02.2); the creation of the Ohio Civil Rights Commission (§ 4112.03); the creation of civil actions to enforce age discrimination prohibitions (§ 4112.02(N)); housing discrimination prohibitions (§ 4112.02(H)); the creation of civil actions to protect fair housing rights (§ 4112.05.1); and a penalty provision (§ 4112.99). Prior to 1987, however, Chapter 4112 did not provide for a civil action for sex discrimination. At that time, § 4112.99 provided for a criminal penalty for violation of any of the Chapter's discrimination provisions.[1]

In 1987 § 4112.99 was amended to provide: "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." The parties dispute whether this language created a private right of action or merely entitled the State to prosecute a civil claim in place of the misdemeanor penalty. Proffitt relies upon *Crain v. Cincinnati Automobile Club,* No. C–1–88–0295 (S.D. Ohio May 7, 1990) (Spiegel, J.); *Eyerman v. Mary Kay Cosmetics,* 51 Fair Empl.Prac.Cas. (BNA) 1594, 1990 WL 11540 (S.D. Ohio Jan. 18, 1990) (Graham, J.); *Grant v. Monsanto Co.,* No. C–1–89–379, 1989 WL 222961 (S.D. Ohio Dec. 5, 1989) (Sherman, Mag.); and *Elek v. Huntington Nat'l Bank,* No. 88AP–1183, 1989 WL 98437 (10th Dist.Ct.App. Ohio Aug. 24, 1989). Anacomp relies on *Kern v. Spangenberg, Shibley, Traci & Lancione,* 53 Empl.Prac.Dec. (CCH) ¶ 39,874 (C.P. Cuyahoga County Mar. 15, 1990).

The decisions in *Crain* and *Grant* are inapposite, because they relied on the only Ohio decision at that time, *Elek,* which held that § 4112.99 created a private civil action for violations of Chapter 4112. These cases were decided before *Kern,* which disagreed with *Elek's* holding that § 4112.99 was unambiguous and relied on its analysis of the history of that section to determine that it did not create a private right of action.

Having carefully reviewed *Eyerman, Elek* and *Kern,* we believe the Ohio Supreme Court would determine that *Elek* is a better reasoned decision than *Kern.* It is apparent that the 1987 amendment to § 4112.99 was intended to replace the criminal penalty for violation of the Chapter's provisions with private civil enforcement and no requirement that administrative remedies be exhausted. *Eyerman,* No. C2–88–1335, at 9. The language of the amended provision is clear and unambiguous—there is no limitation on the right to a civil action. The fact that the legislature chose to announce this right in a penalty section rather than in other provisions, as it had previously done, does not make the clear language of the provision in question ambiguous. Because the language of the statute is unambiguous, Ohio law prohibits any effort at statutory interpretation. *Board of Educ. v. Fulton County Budget*

---

1. Former § 4112.99 provided: "Whoever violates Divisions (A) to (H) of Section 4112.02, or Sections 4112.07 or 4112.11 of the Revised Code is guilty of a misdemeanor of the third degree." Ohio Rev.Code Ann. § 4112.99 (Anderson 1980).

*Comm'n,* 41 Ohio St.2d 147, 324 N.E.2d 566 (1975).

Therefore, Proffitt enjoys a pendent State right of action for sex and age discrimination which entitles her to damages as well as injunctive relief if she prevails.

## Standard of Proof Regarding Proffitt's Sex Discrimination Claim

Proffitt's State sex discrimination claim should be analyzed under the same standards as her federal claim. *Barker v. Scovill, Inc., Schrader Bellows Div.,* 6 Ohio St.3d 146, 451 N.E.2d 807 (1983). Anacomp argues that Proffitt cannot establish a prima facie case of sex discrimination under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Because Proffitt claims a discriminatory discharge, *McDonnell Douglas,* which relates to hiring decisions, does not apply. The appropriate authorities are as follows.

In a termination of employment or discharge case, such as the instant case, plaintiff may establish a prima facie case by producing evidence that: 1) she belongs to a protected class; 2) she was satisfactorily performing her job; 3) despite this performance she was terminated; and 4) she was replaced by a male worker. *Becton v. Detroit Terminal of Consolidated Freightways,* 687 F.2d 140, 141 (6th Cir. 1982), *cert. denied,* 460 U.S. 1040, 103 S.Ct. 1432, 75 L.Ed.2d 791 (1983). Alternatively, plaintiff may establish the last element by showing that the employer continued to solicit applications for the vacant position. *Morvay v. Maghielse Tool & Die Co.,* 708 F.2d 229, 233 (6th Cir.), *cert. denied,* 464 U.S. 1011, 104 S.Ct. 534, 78 L.Ed.2d 715 (1983).

Plaintiff may also establish a prima facie case of disparate treatment by introducing evidence that defendant treated her less favorably than similarly situated male employees. *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977); *Shah v. General Electric,* 816 F.2d 264, 267 (6th Cir.1987); *Beaven v. Commonwealth of Kentucky,* 783 F.2d 672, 675–76 (6th Cir.1986). In what is

essentially a claim of disparate punishment, plaintiff must introduce evidence to show that similarly situated male employees were not similarly punished for similar performance deficiencies. *See Beaven,* 783 F.2d at 676.

The establishment of a prima facie case permits the "inference of discrimination ... because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949–50, 57 L.Ed.2d 957 (1978). Thus, by establishing a prima facie case, plaintiff creates a rebuttable presumption that defendant unlawfully discriminated against her. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089 at 1093–94, 67 L.Ed.2d 207 (1981). This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence.

Once plaintiff establishes a prima facie case, the burden of going forward shifts to defendant to articulate a legitimate, nondiscriminatory reason for its action. *Board of Trustees v. Sweeney,* 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978); *Wrenn v. Gould,* 808 F.2d 493, 500 (6th Cir.1987). The ultimate burden of persuasion never shifts from plaintiff. *Wrenn,* 808 F.2d at 501. Defendant need not persuade the court it was actually motivated by nondiscriminatory reasons. If defendant's evidence raises a genuine issue of fact as to whether it intentionally discriminated against plaintiff, it has satisfied its burden of going forward. *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *Wrenn,* 808 F.2d at 501.

Where defendant articulates a legitimate reason for its action, the presumption of discrimination "drops from the case," *Burdine,* 450 U.S. at 255, n. 10, 101 S.Ct. at 1095, n. 10, "and the factual inquiry proceeds to a new level of specificity." *Id.* at 255, 101 S.Ct. at 1095. *See also Aikens,* 460 U.S. at 714–15, 103 S.Ct. at 1481–82. Although the presumption of discrimination, as a procedural device, drops from the case at this point, a permissible inference

of discrimination may still be drawn by the trier of fact from the evidence introduced in plaintiff's case-in-chief. *Askin v. Firestone Tire & Rubber Co.*, 600 F.Supp. 751 at 754, 755 (E.D.Ky.1985).

Plaintiff must then prove intentional discrimination, i.e; that defendant treated plaintiff in a manner which, but for her gender, would have been different. *Aikens*, 460 U.S. at 715, 103 S.Ct. at 1481–82; *City of Los Angeles Dep't of Water & Power v. Manhart*, 435 U.S. 702, 711, 98 S.Ct. 1370, 1377, 55 L.Ed.2d 657 (1978). Plaintiff "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095; *Wrenn*, 808 F.2d at 501. "In short, the district court must decide which party's explanation of the employer's motivation it believes." *Aikens*, 460 U.S. at 716, 103 S.Ct. at 1482.

It is not necessary that plaintiff prove gender was the sole motivating factor in defendant's adverse employment decision. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 1795, 104 L.Ed.2d 268 (1989). Where plaintiff produces evidence that the adverse employment decision at issue was the result of mixed (legitimate and discriminatory) motives on the part of the employer, plaintiff need only demonstrate that gender was a substantial motivating factor in the employment decision at the moment it was made. *Id.*

"[O]nce a plaintiff in a Title VII case shows that gender played a substantial motivating part in an employment decision, the defendant may avoid a finding of liability only by proving that it would have made the same decision even if it had not allowed gender to play such a role." *Price Waterhouse, Id.* 109 S.Ct. at 1787–88. Defendant has the burden of proving this issue, which is in the nature of an affirmative defense, by a preponderance of the evidence. *Id.* at 1793.

### Anacomp Is Not Entitled To Summary Judgment On Proffitt's Sex Discrimination Claim

■ In the instant case, Proffitt has presented evidence that: 1) she was a member of a protected group, females; 2) she was satisfactorily performing her job as a sales representative by exceeding 100% of her sales quota; 3) despite this performance, she was discharged; and 4) her vacancy was filled by a male, Carl Webber, while a female trainee, Linda Kramer, whom a superior found to be more "sexually attractive" than Proffitt, was assigned her accounts. *See* plaintiff's memorandum in opposition, Doc. 16, pp. 3–7 and exhibits cited therein; Filippi Dep. Vol. II, pp. 3, 4; Wendelberger Dep., p. 41. This evidence establishes a prima facie case of sex discrimination. *Becton*, 687 F.2d at 141.

■ Plaintiff also established a prima facie case by offering evidence that she was treated differently than a similarly situated male, "Bob" Cowie. Plaintiff submitted evidence that during January, February and March, 1988, Cowie did not make the appropriate number of sales calls, lost a large amount of business, was the subject of a number of customer complaints, and was given verbal and written termination warnings due to his poor attitude. Cowie was not discharged because Anacomp determined he was entitled to be informed of his weaknesses and given a period of time to correct them. Proffitt, on the other hand, was discharged after an evaluation that lasted less than two months. She was never told her performance was poor and was not given an opportunity to correct it. *See* Doc. 16, pp. 3–7. This evidence establishes a prima facie case of sex discrimination. *Teamsters*, 431 U.S. at 335 n. 15, 97 S.Ct. at 1854 n. 15; *Shah*, 816 F.2d at 267; *Beaven*, 783 F.2d at 675–76.

In addition to the above, Proffitt submitted evidence of sexist remarks regarding Proffitt by Dennis Murphy, who supervised "Joe" Filippi, the individual who discharged her. Murphy stated that in order for women to do well in the sales business, they should be sexually attractive and that Proffitt would not do well because she was not sexually attractive. Filippi admitted that his decision to discharge Proffitt is one he would have discussed with Murphy.

(Doc. 17, p. 2, and exhibits cited therein). The testimony of Proffitt's former supervisor, Richard Wendelberger, indicates his personal knowledge that no decisions regarding employee discharge at Proffitt's place of employment were made without Murphy's approval. This evidence raises an inference that Filippi consulted Murphy on the decision to discharge Proffitt and that Murphy's alleged sexist attitude and remarks may have influenced Filippi in his decision to discharge Proffitt.

For all of the above reasons, Proffitt's evidence establishes a prima facie of sex discrimination.

■ The Sixth Circuit takes the view that establishment of a prima facie case does not save a plaintiff from summary judgment. If the defendant articulates a legitimate reason for its action, then plaintiff's evidence must at least demonstrate that there is reason to disbelieve the explanation in order to survive judgment in defendant's favor. *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 314, 316 (6th Cir.1989); *Boddy v. Dean*, 821 F.2d 346, 348–49 (6th Cir.1987). It is well to remember, however, that

> [i]n general, summary judgment is an inappropriate tool for resolving claims of employment discrimination, which involve nebulous questions of motivation and intent.... Often, motivation and intent can only be proved through circumstantial evidence; determinations regarding motivation and intent depend on complicated inferences from the evidence and are therefore peculiarly within the province of the factfinder. In reviewing a case on appeal, it is difficult to determine what evidence might legitimately sway the factfinder and hence be material. Thus, if any (material) facts are in dispute, summary judgment is generally inappropriate.

*Thornbrough v. Columbus and Greenville R.R. Co.*, 760 F.2d 633, 640–41 (5th Cir. 1985). As stated by then Justice Rehnquist in dissent from denial of certiorari in an age discrimination case:

> [I]t is inappropriate to resolve issues of credibility, motive, and intent on motions for summary judgment. It is equally clear that where such issues are presented, the submission of affidavits or depositions is insufficient to support a motion for summary judgment.... Summary judgment simply may not be granted when such matters as the defendant's motive and intent are questioned.

*Hardin v. Pitney–Bowes, Inc.*, No. 78–3679 (W.D.Ky.1978) (unpublished), *aff'd*, 636 F.2d 1217 (5th Cir.1980), *cert. denied*, 451 U.S. 1008, 1008–09, 1010, 101 S.Ct. 2345, 68 L.Ed.2d 861 (1981) (Rehnquist, J.).

■ In the instant case, Anacomp has articulated legitimate reasons for Proffitt's discharge: her quota was adjusted downward because of poor performance; she lacked the confidence necessary to be a sales representative; she had a low likelihood of success in sales; she was not a "self starter;" she lacked product knowledge; she was unable to "qualify" prospective customers; and her honesty was questioned. *See* defendant's memorandum in support of its motion for summary judgment, Doc. 13, pp. 2–6, and exhibits cited therein.

■ Where, as in this case, the challenged employment decision was based on subjective evaluations of plaintiff, and the evaluators were not members of the protected class, the legitimacy of defendant's articulated reason must be scrutinized very closely. *Grano v. Department of Development, City of Columbus*, 637 F.2d 1073, 1078 (6th Cir.1980), *appeal after remand*, 699 F.2d 836 (6th Cir.1983); *see also Sims v. Cleland*, 813 F.2d 790, 794 (6th Cir.1987). This is because a subjective evaluation process provides a ready mechanism for discrimination. *Grano*, 699 F.2d at 837; *see also Senter v. General Motors Corp.*, 532 F.2d 511, 528–29 (6th Cir.); *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). While subjective evaluations are not per se illegal, the ultimate issue is whether subjective criteria were used to disguise discriminatory action. *Grano*, 699 F.2d 836, 837 (6th Cir.1983).

■ Subjective evaluations may, however, form the basis for a legitimate

business decision, and the fact that an employer may have misjudged the employee does not automatically expose the employer to liability. *Henry v. Lennox Indus., Inc.*, 768 F.2d 746, 751 (6th Cir.1985) (citing *Parker v. Board of School Comm'rs*, 729 F.2d 524, 527 (7th Cir.1984); *Nellis v. Brown County*, 722 F.2d 853, 860–61 (7th Cir. 1983)). Subjective reasons are sufficient if they result from an investigation into the employee's character and performance, but are not sufficient if they simply emanate from the subconscious of the decisionmaker without any specific basis. *Tye v. Board of Educ.*, 811 F.2d 315, 320 (6th Cir.), *cert. denied*, 484 U.S. 924, 108 S.Ct. 285, 98 L.Ed.2d 246 (1987).

 Anacomp argues there is no direct evidence to refute its asserted reasons for discharge; thus, "Proffitt's claims are based on circumstantial evidence which does not raise a triable issue of fact." Doc. 13, p. 6. No authority is cited for this statement, which is a misstatement of the law. Circumstantial evidence can not only create a triable issue of fact, but can also carry plaintiff's burden of persuasion and result in a verdict in her favor. The Supreme Court has recognized the difficulty a plaintiff has in proving discriminatory motive by direct evidence. *See Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095. Issues of motivation and intent usually must be proven by circumstantial evidence. *Thornbrough*, 760 F.2d at 641. As a result, a plaintiff may prevail in a discrimination case without direct evidence of discrimination so long as she proves it is more likely than not that the reasons articulated by the employer are not credible. *Id.; Gagne*, 881 F.2d at 314; *Wrenn*, 808 F.2d at 501.

 In order to rebut Anacomp's proffered explanation, Proffitt need not introduce additional evidence—she may rely on the evidence introduced in her case in chief to carry her burden of persuasion. *Askin*, 600 F.Supp. at 754, 755. The evidence summarized on pp. 426–427, *supra*, which establishes Proffitt's prima facie case, creates a genuine issue of material fact as to Anacomp's motivation for discharge. *See Gagne*, 881 F.2d at 314. In so

holding, we do not determine whether Proffitt's version of the events is more credible than Anacomp's—that determination can only be made after hearing the testimony of the witnesses and observing their demeanor at trial.

For these reasons, summary judgment on Proffitt's sex discrimination claim will be denied.

## Standard of Proof Regarding Proffitt's Age Discrimination Claim

The ADEA was intended to protect the older worker from arbitrary classifications on the basis of age but not to restrict the employer's right to make bona fide business decisions. *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1179 (6th Cir.1983). Nor was it intended "as a vehicle for judicial review of [those] business decisions." *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 70 (6th Cir.1982). In an action under the ADEA the ultimate issue is whether age was a determining factor in the employment decision made with respect to the complaining employee. *Merkel v. Scovill, Inc.*, 787 F.2d 174, 177 (6th Cir.), *cert. denied*, 479 U.S. 990, 107 S.Ct. 585, 93 L.Ed.2d 587 (1986).

Because this case does not involve a warranted reduction in force by Anacomp, the analysis of Proffitt's discrimination claim is generally that described *supra*, pp. 425–426 for Title VII actions. *Laugesen v. Anaconda Co.*, 510 F.2d 307, 312 (6th Cir. 1975). Plaintiff bears the burden of proving a prima facie case of age discrimination. Once proven, the burden of going forward shifts to defendant to articulate a legitimate reason for its action. Plaintiff bears the ultimate burden of rebutting any legitimate explanation offered by defendant. *Gagne*, 881 F.2d at 312.

A prima facie case of age discrimination may be established by direct or circumstantial evidence, including statistical information. *Blackwell*, 696 F.2d at 1180. One method of establishing a prima facie case is to prove that: 1) plaintiff was a member of the protected class, i.e., she was between the ages of 40 and 65; 2) she was subjected to defendant's adverse employment action; 3) she was qualified to perform her posi-

tion; and 4) she was replaced by a person not a member of the protected class. *Gagne*, 881 F.2d at 313; *Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 265–66 (6th Cir.1986), *cert. denied*. 480 U.S. 919, 107 S.Ct. 1375, 94 L.Ed.2d 690 (1987).

Once plaintiff establishes a prima facie case and defendant articulates a legitimate reason for its action, plaintiff must prove, by direct or circumstantial evidence, that her age was a factor in the decision to discharge her and that "but for" this factor she would not have been discharged. *Gagne*, 881 F.2d at 314 (citing *Chappell*, 803 F.2d at 265–66). Plaintiff may also prevail by introducing evidence that demonstrates there is reason to disbelieve the employer's proferred explanation. *Gagne*, 881 F.2d at 314 (citing *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1216 (3rd Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2449, 104 L.Ed.2d 1004 (1989)).

### Anacomp Is Not Entitled To Summary Judgment On Proffitt's Age Discrimination Claim

■■■ In addition to the evidence summarized *supra*, pp. 426–427, Proffitt has submitted evidence that, after her discharge, her accounts were assigned to trainee Linda Kramer, who was then 34 years of age, while Proffitt was 41 years of age. (Filippi Dep., Vol. II, pp. 3, 4, 9, 20; Doc. 18, Final Pretrial Order, p. 4).

Other evidence of age discrimination consists of Dennis Murphy's alleged derogatory age-related statements. Evidence of these statements is in the form of affidavits by spouses Susan and Richard Wendelberger (a former Anacomp employee). Both testified that, during a dinner with Murphy and his wife in the fall of 1987, Murphy stated that Richard Wendelberger was old fashioned, an "old fart," a "fuddy duddy," and that he "thought like an old man." Mrs. Wendelberger testified that, at that same dinner, Murphy asked her age. Mr. Wendelberger testified that on numerous occasions during his employment, Murphy referred to Wendelberger's old age and called him a "fuddy duddy." (Doc. 16, Exs. B, C). Wendelberger was ultimately discharged.

Anacomp's asserted reasons for Proffitt's discharge are set forth *supra*, p. 428. Anacomp argues that this case is similar to *Gagne*, 881 F.2d 309, where the Court affirmed the district court's grant of summary judgment in favor of the employer. In *Gagne*, the plaintiff made out a prima facie case of age discrimination by proving she was within the protected class, that she was subject to an adverse employment action, and that she was replaced by a younger person not within the protected class. The defendant then articulated legitimate reasons for plaintiff's discharge. The only other evidence plaintiff submitted to establish age discrimination was a statement by her immediate supervisor during a meeting attended by a number of employees to the effect that he "needed younger blood." *Id.* at 314. The evidence showed that the remark was isolated, was not directed at any particular individual, and may have been facetious. The Court held that "isolated and ambiguous statements, of the nature allegedly made ... in the case at bar, 'are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination.'" *Id.* at 314 (quoting *Chappell*, 803 F.2d at 268 n. 2). The Court found insufficient evidence to create a genuine issue of material fact as to whether the employer's proffered reason for discharge was pretextual. *Id.* at 316. "Because the appellant failed to seriously challenge the nonpretextual explanation offered by [the employer] for her termination, other than by conclusory assertions that she was qualified and had performed in a satisfactory fashion, ... she ... failed to make a sufficient showing of the essential elements of her rebuttal proof required for a claim under the federal age discrimination act." *Id.*

Murphy's alleged age-related statements are not "isolated." They do not, however, relate to Proffitt or to persons in the protected age group in general. Rather they appear to relate specifically to Richard Wendelberger. They may evidence a predisposition against older people or they may demonstrate only Murphy's perception of Wendelberger's attitude. Standing

alone, the remarks may be too abstract to rebut Anacomp's proffered explanation. *See id.* at 316. However, taken together with Murphy's remarks concerning the need for a woman to be sexually attractive in order to do well in sales, *see supra,* pp. 426–427, they tend to establish age discrimination. A reasonable trier of fact may believe Murphy equated sexual attractiveness with age and caused Proffitt's discharge and replacement by a younger, more attractive, female. Therefore, under all the circumstances, the statements in this case constitute stronger evidence to rebut the employer's explanation than those in *Gagne.*

Additional arguments challenging the credibility of Anacomp's proffered explanation are referred to in Proffitt's memorandum in opposition. *See* Doc. 16, pp. 14–20, and exhibits cited therein. Taken together with the aforementioned evidence, the evidence rebutting the employer's proffered explanation in this case is far stronger than that in *Gagne.* Because a genuine issue of material fact exists as to whether Proffitt's age was a motivating factor in her discharge, summary judgment will be denied.

### Conclusion

In determining that summary judgment will be denied on Proffitt's claims of sex and age discrimination, we express no opinion on the ultimate merits of said claims. For all the reasons set forth above, Proffitt should not be denied the opportunity to present her evidence at trial, where its credibility and that of defendant's evidence can be properly evaluated.

IT IS THEREFORE ORDERED THAT:

1) Anacomp's motion for summary judgment on the Ohio and federal sex discrimination claims be DENIED; and

2) Anacomp's motion for summary judgment on the Ohio and federal age discrimination claims be DENIED.