**Karen O'DONNELL, Appellant,**

v.

**ASSOCIATED GENERAL CONTRACTORS OF AMERICA, INC., et al., Appellees.**

**No. 92–CV–1422.**

District of Columbia Court of Appeals.

Argued April 8, 1994.

Decided Aug. 4, 1994.

---

Marie Manuele Gavigan, Rockville, MD, for appellant.

Douglas B. Huron and Stephen Z. Chertkof, Washington, DC, for appellees.

Before TERRY, STEADMAN, and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Appellant, Karen O'Donnell, was terminated by appellee, Associated General Contractors of America, Inc. ("Associated General") in July 1990, after working there for approximately two years. Appellant challenged her termination on a number of grounds and argued primarily that her termination was sexually discriminatory in violation of D.C.Code §§ 1–2501, –2512 (1992 & 1993 Supp.) and 42 U.S.C. §§ 2000e, –2000e–2 (1988).[1] Appellee's defense to all counts was essentially that appellant was fired because she repeatedly complained about and verbally attacked her colleagues.

In an order issued June 25, 1992, the trial judge granted in part appellee's motion for summary judgment on the ground that appellant had failed to establish a prima facie showing of discrimination in the decision to terminate her. The trial judge did, however, find that appellant had made a prima facie showing of disparate treatment regarding the manner of termination, thereby withstanding appellee's motion for summary judgment on that claim. Appellee then sought reconsideration of that part of the June 25th order denying its motion for summary judgment. In response to appellee's motion for reconsideration of the issue of discrimination in the manner of termination, the trial judge reversed her earlier position and granted summary judgment in favor of appellee because appellant had failed to come forward with any evidence, beyond hearsay

---

1. Although the notice of appeal states that appellant appealed from an order granting summary judgment in favor of appellee Associated General and a judgment entered in favor of appellee Richard Chriss after trial by jury, only the appeal from the summary judgment entered in favor of Associated General was briefed and argued before this court.

testimony, to support her claim of disparate treatment.

On appeal, appellant contends that the trial court erred in granting summary judgment in favor of appellee on the issue of discriminatory termination and discrimination in the manner of termination. Finding no error, we affirm.

"To prevail upon a motion for summary judgment, the moving party must clearly demonstrate that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law." *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 198 (D.C.1991); *Hancock v. Bureau of Nat'l Affairs, Inc.*, 645 A.2d 588 (D.C.1994) (affirming grant of summary judgment in favor of employer in employment discrimination suit). The adverse party must present evidence, via affidavit or otherwise, "to demonstrate the existence of a genuine issue for trial." *Raskauskas v. Temple Realty Co.*, 589 A.2d 17, 25 (D.C.1991). "The evidence is viewed in the light most favorable to the party opposing the motion, and that party is entitled to all favorable inferences which may reasonably be drawn from the evidentiary materials." *Beard, supra*, 587 A.2d at 198 (citations omitted). Thus, a motion for summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Byrd v. Allstate Ins. Co.*, 622 A.2d 691 (D.C.1993).

## A. The Decision To Terminate

■ On reviewing a case of employment discrimination where disparate treatment is alleged[,] this court generally adopts the approach of the Supreme Court with respect to allocation of burdens and order of presentation of proof for a claim of disparate treatment under Title VII of the Civil Rights Act of 1964.

*Shaw Project v. District of Columbia Comm'n on Human Rights*, 500 A.2d 251, 253 (D.C.1985) (per curiam). Here, in order to establish a prima facie case of sexual discrimination in the decision to terminate, appellant had to come forward with evidence that she was fired from a job for which she was qualified while men, similarly situated to her, were not terminated, but rather treated more leniently. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Bellissimo v. Westinghouse Elec. Corp.*, 764 F.2d 175, 179 (3rd Cir.1985), *cert. denied*, 475 U.S. 1035, 106 S.Ct. 1244, 89 L.Ed.2d 353 (1986); *Rowe v. Kidd*, 731 F.Supp. 534, 536 (D.D.C.1990). As the Supreme Court has consistently noted, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's Honor Ctr. v. Hicks*, —— U.S. ——, ——, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993) (internal quotation marks omitted) (quoting *Burdine, supra*, 450 U.S. at 253, 101 S.Ct. at 1093).

■ Appellant did not produce any specific evidence, beyond mere allegations in her complaint, suggesting that the decision to terminate her was discriminatory. In her opposition to appellee's motion for summary judgment, appellant simply stated that she could and would prove her prima facie case at trial. However, "[c]onclusory allegations by the nonmoving party are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment." *Beard, supra*, 587 A.2d at 198. Super.Ct.Civ.R. 56(e) provides, in relevant part, that:

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading[;] the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial.

Appellee provided ample evidence establishing that no genuine issue of material fact existed regarding appellant's claim of discriminatory termination. First, it was undisputed that appellant was the only female professional terminated at Associated General since 1985. According to the affidavit of John Gentille, Executive Director of Associated General, four professional men had been terminated in that period for reasons related

to conduct.[2] Two of those terminated employees, like appellant, received four weeks severance pay, one received two weeks pay, and one received no severance pay at all. Second, Gentille stated in his sworn affidavit that appellant was terminated because of misconduct and not because she was a woman. According to appellee's affidavits, appellant verbally attacked two co-employees, Richard Chriss and Susan Loomis. This attack, in part, caused Loomis, who is Associated General's Executive Director for Congressional Relations, to tender her resignation. Gentille stated that he, along with the other executives of Associated General, wanted Loomis to remain at the company, and therefore decided that appellant should be terminated.

Although appellant has consistently denied any wrongdoing, and thus argues that her firing was not "for cause," as in the cases of the four discharged male employees, she has failed to produce any competent evidence indicating that the decision to terminate her was discriminatory. As *Beard, supra,* clearly states, appellant's conclusory allegations of discrimination are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment.[3]

Summary judgment for appellee was proper because appellant failed to establish a prima facie case of sex discrimination. *See Nader v. de Toledano,* 408 A.2d 31, 49 (D.C.

1979); (a plaintiff opposing a motion for summary judgment in essence must produce enough evidence to make out a prima facie case in support of her claim), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). On appeal, appellant relies primarily on *Proffitt v. Anacomp, Inc.,* 747 F.Supp. 421 (S.D.Ohio 1990), which states that a prima facie case of sex discrimination is established by producing evidence that:

(1) [appellant] belongs to a protected class; (2) she was satisfactorily performing her job; (3) despite this performance she was terminated; and (4) she was replaced by a male worker. Alternatively, plaintiff may establish the last element by showing that the employer continued to solicit applications for the vacant position.

\*　　\*　　\*　　\*　　\*　　\*

Plaintiff may also establish a prima facie case of disparate treatment by introducing evidence that defendant treated her less favorably than *similarly situated* male employees.

*Proffitt, supra,* 747 F.Supp. at 425 (citations omitted) (emphasis added). Although appellant alleged that she was replaced by a male worker in her claim of intentional interference with contract,[4] she did not make that argument in her opposition to Associated General's motion for summary judgment on her sex discrimination claim. Appellant's

---

**2.** The four professional male employees terminated for cause were Brock Heylin, Robert Peyton, Martin Morris, and Tim More. Brock Heylin and Robert Peyton were asked to submit letters of resignation because of insubordination. Tim More, who attempted to place a company check in his personal account, was dismissed on the spot. The record is unclear whether Martin Morris was asked to tender a letter of resignation or was fired on the spot. Appellant does not contest that these four men were fired because of misconduct, though she denies engaging in any misconduct herself.

**3.** That there may be some dispute as to whether appellant engaged in misconduct is of no import. *See Rowe, supra,* 731 F.Supp. at 536 (the existence of some alleged factual dispute between the parties will not defeat an otherwise proper motion for summary judgment if there is no genuine issue of material fact). The alleged factual dispute here—whether appellant verbally attacked her colleagues or not—does not give rise to an inference of discrimination in the decision to

terminate her. Therefore, appellant's conclusory allegations, absent any other competent evidence indicating discriminatory motive, are not sufficient to defeat appellee's summary judgment motion.

**4.** Our review of the record indicates that appellant did not present affidavits, depositions, answers to interrogatories, or admissions demonstrating that Richard Chriss had replaced her in her job. Indeed, Chriss had been hired in another capacity before appellant was ever fired. In order to withstand a motion for summary judgment, appellant must show that the disputed factual issue "is material and 'that there is sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *West End Tenants Ass'n v. George Washington University,* 640 A.2d 718, 725 (D.C.1994) (citation omitted). Without sufficient evidence supporting appellant's claimed factual dispute, we will affirm the grant of summary judgment.

*only* argument made to the trial court in establishing her prima facie claim of discrimination was that she was treated less favorably than similarly situated male employees at Associated General.

Appellant has not, however, introduced any competent evidence demonstrating that appellee treated her less favorably than similarly situated male employees. Associated General terminated four professional men during the relevant time period. All four men, like appellant, were asked to resign or were fired, and none received more severance pay than she upon termination. Those professional men who were treated differently from appellant were not similarly situated to her, see part B, *infra.* Accordingly, appellant has failed to establish a prima facie case of sexual discrimination.

There appears to be some dispute regarding the reason given appellant for her termination on the date on which Associated General asked for her resignation and the reason given by them throughout this litigation.[5] The standard for summary judgment, however, provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material fact*." *Rowe, supra,* 731 F.Supp. at 536. "The substantive law defines which facts are material." *Id.* The substantive law, as stated in *Rowe* and *Hughes v. Chesapeake and Potomac Tel. Co.,* 583 F.Supp. 66 (D.D.C.1983), requires appellant, in making a prima facie case of employment discrimination where she has not alleged that someone replaced her when she was terminated,[6] to show that persons who were not members of the protected class and were similarly situated to appellant, were not ter-

minated. Though appellant has demonstrated that she was a member of a protected class, that she was qualified and that she was terminated, she did not demonstrate that male employees of Associated General with comparable qualifications and work records were not terminated. Thus, we conclude, in view of our *de novo* review of the record, that no genuine issue of *material fact* existed with regard to appellant's claim of discrimination in the decision to terminate her.

### B. The Manner of Termination

 We now review the trial court's grant of summary judgment on appellant's claim of discrimination in the manner of termination. "The essence of a disparate treatment case is that '[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Shah v. General Elec. Co.,* 816 F.2d 264, 268 (6th Cir.1987) (citation omitted). As with her claim of discriminatory termination, here, too, appellant bears the burden of establishing a prima facie case of disparate treatment in the manner of termination.

In support of her claim of discrimination in the manner of termination, appellant presented affidavits concerning the manner in which a male employee, David Johnston, was terminated. Johnston was asked to leave Associated General because of poor job performance. However, Johnston was given the position of Director of Special Projects for Associated General until he was able to secure other employment. Moreover, appellant stated that one of Associated General's employees told her that when frictions arose between Michael Kennedy, a male employee at Associated General, and another employee

---

**5.** In oral argument, appellant claimed that she was told she was being fired because she challenged her supervisor, Mr. Gentille, too much. Throughout litigation, Associated General has claimed that appellant was fired because she repeatedly berated her colleagues and ultimately drove another woman, Susan Loomis, to the brink of resignation. We note, however, that the two reasons given are not contradictory, and neither reason suggests, either explicitly or implicitly, that appellant was fired because of her sex. As the trial judge stated in her order granting Associated General's motion for summary

judgment on the claim of discriminatory termination, "[a]lthough plaintiff has raised a factual dispute as to whether or not the explanation for termination was a legitimate business concern, plaintiff has not indicated why the decision to terminate her was discriminatory."

**6.** We reiterate that the allegation that Chriss replaced appellant after she was terminated was made by appellant solely in connection with her claim of intentional interference with contract. See note 4, *supra.*

of the firm, Kennedy was reassigned to the position of Special Counsel with no one reporting to him instead of being terminated.

In its motion for summary judgment, appellee claimed that appellant had failed to establish a prima facie case of discrimination in the manner of termination. Appellee argued that:

> [I]ndividual disparate treatment ... cases generally require indirect evidence from which an inference of discriminatory motive may be drawn, namely, comparative evidence demonstrating that the treatment of the plaintiff differs from that accorded to otherwise *similarly situated* individuals who are not within the plaintiff's protected group.

*Shah, supra,* 816 F.2d at 268 (emphasis added) (internal quotation marks omitted) (quoting B. Schlei and P. Grossman, *Employment Discrimination Law* 1291 (2d ed. 1983)). Therefore, in establishing her prima facie case, appellant was required to show that her manner of termination differed from the manner of termination for male employees who were similarly situated to her. *See Hughes, supra,* 583 F.Supp. at 70 (prima facie case of discriminatory firing requires plaintiff to show that other *similarly situated* employees, who were not members of protected class, were not terminated).

"*McDonnell Douglas* teaches that it is plaintiff's task to demonstrate that similarly situated employees were not treated equally." *Burdine, supra,* 450 U.S. at 258, 101 S.Ct. at 1096 (citation omitted). Here, appellant did not proffer evidence of any *similarly situated* male employees of Associated General who were treated differently from her in the manner of their termination. She was not similarly situated to David Johnston. *See Shah, supra,* 816 F.2d at 270–71 (plaintiff, who worked for firm for nineteen months, was found *not* to be similarly situated to fellow employee who had worked for firm for over twenty years). It was undisputed that Johnston was a long-term employee who worked for Associated General for nearly twenty years. In his affidavit, Gentille explained Johnston's assignment to be Director of Special Projects. He stated that Johnston was not terminated promptly upon the determination of inadequate performance because of his long service with Associated General and because he had not engaged in improper conduct requiring immediate disciplinary action. Thus, the record is clear that appellant and Johnston were not similarly situated.

Furthermore, the unnamed employee's remarks concerning Michael Kennedy were pure hearsay. Hearsay cannot be relied upon by one opposing summary judgment. *See* Super Ct.Civ.R. 56(e) (requiring parties to set forth such facts as would be *admissible in evidence* ). Therefore, appellant's comparison of her treatment at the firm with Kennedy's could not be used to oppose appellee's motion for summary judgment. Moreover, appellee explained that Kennedy and appellant were not similarly situated because while appellant had engaged in misconduct, Kennedy had not. Hubert Beatty, Associated General's Executive Vice President, stated in his deposition that Kennedy's assignment as Special Counsel was not a form of discipline, and appellant has proffered nothing to dispute that assertion.

"Absent proof that other employees were similarly situated, it is not possible to raise an inference of discrimination." *Shah, supra,* 816 F.2d at 270. Because appellant did not proffer evidence that similarly situated male employees were treated differently from her, she failed to establish a prima facie case, and summary judgment was properly granted.[7]

"While the factual disputes involved in most Title VII suits preclude their resolution on summary judgment, summary judgment is available in an appropriate Title VII case."

---

7. Even assuming appellant and Johnston were similarly situated, a single example of an apparent difference in treatment is insufficient to raise an inference of bias where the overall pattern is clearly nondiscriminatory. *See Cook v. CSX Transp. Corp.,* 988 F.2d 507, 512 (4th Cir.1993) ("A plaintiff seeking to establish a prima facie case by relying on a broad history of disciplinary enforcement cannot fairly claim that an inference of ... discrimination should be drawn from one factual circumstance taken out of the context of the disciplinary treatment generally afforded by the employer for conduct similar to that of the plaintiff.").

*McKenzie v. Sawyer*, 684 F.2d 62, 67 (1982). Here, appellant was unable to proffer any competent evidence demonstrating discrimination in the manner of termination. It was undisputed that those men similarly situated to her—those fired because of their conduct—were asked to resign. The record indicates that appellant was treated the same as those men—none received more severance pay than she, and none were demoted or transferred to other positions. Except for her naked assertion that men at Associated General were treated more leniently than she, appellant was unable to offer any evidence to support her claims of discrimination. Considering the record as a whole, we conclude that the Title VII case before us today is one in which summary judgment was properly granted. Accordingly, the judgment on appeal is

*Affirmed.*