699 F.2d 836
 31 Fair Empl.Prac.Cas. 1, 31 Empl. Prac. Dec.
P 33,378
Barbara GRANO, Plaintiff-Appellee, Cross-Appellant,
v.
The DEPARTMENT OF DEVELOPMENT OF the CITY OF COLUMBUS, et
al., Defendants-Appellants, Cross-Appellees.
 Nos. 78-3161, 78-3162.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 18, 1980.
Decided Feb. 18, 1983.
 
 Gregory S. Lashutka, City of Columbus, Dept. of Law, Patrick M. McGrath, H. Ritchey Hollenbaugh, Paul M. Aucoin, Columbus, Ohio, for defendants-appellants, cross-appellees.
 Frederick M. Gittes, Barbara A. Terzian, Spater, Gittes, Marshall & Terzian, Columbus, Ohio, for plaintiff-appellee, cross-appellant.
 Before ENGEL, KEITH and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is the second time this Court has addressed the issues presented in this sex discrimination action. On the first occasion this Court vacated the judgment of the district court because it had applied the wrong legal standards. The action was remanded to the district court for further fact-finding and additional proceedings. See Grano v. Department of Development of the City of Columbus, 637 F.2d 1073 (6th Cir.1980). On remand the parties declined the district court's invitation to further develop the facts. Ultimately, the district court relied upon Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) and held that plaintiff failed to prove sex discrimination. The district court reasoned that while "plaintiff Grano was in fact qualified for the disputed position, the Court nevertheless concludes that the defendants' articulated belief in the inferiority of plaintiff's qualifications is sufficient to satisfy their burden in Burdine." We agree.
 
 
 2
 The facts in the instant case are fully set forth in this Court's opinion in Grano, 637 F.2d 1073, and will not be repeated here. There are, however, several key facts which are critical to understanding this extremely complex and close case. Those facts are as follows. Defendant Huddle, plaintiff's supervisor, was familiar with plaintiff's performance and her desire for promotion. In January of 1974 he facilitated the creation of a new public relations position in his department. It was anticipated that the new position would encompass some of the job tasks which plaintiff had been performing. Subsequently, Huddle interviewed and hired a male for the position. Plaintiff was not formally interviewed. Huddle stated that the male was hired because plaintiff was not qualified for the job.
 
 
 3
 On this record, it cannot be seriously disputed that plaintiff presented sufficient evidence to constitute a prima facie case of sex discrimination. Plaintiff's proofs demonstrated that she was not formally interviewed even though her qualifications on their face were similar to those possessed by the male who was hired. This evidence was sufficient to create an inference of unlawful sex discrimination. See Burdine, 450 U.S. at 253, 101 S.Ct. at 1093. Therefore, the only issues this Court must address are whether: 1) the prima facie case was rebutted by Huddle's statement his decision was based on plaintiff's inferior qualifications; and 2) plaintiff was able to show that the articulated reason was merely a pretext for sex discrimination.
 
 
 4
 In Burdine the Supreme Court explained that the prima facie case is rebutted where the employer "clearly sets forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection." Id. at 253, 101 S.Ct. at 1093. The employer's explanation "must be legally sufficient to justify a judgment..." in its favor. Id. We hold that Huddle's explanation meets this criteria.
 
 
 5
 Plaintiff contends that the articulated reason was erroneous and pretextual. Plaintiff relies on the district court's finding that her qualifications were essentially the same as the male who was hired. Plaintiff's argument is not persuasive. Huddle subjectively evaluated plaintiff's actual work performance and determined that she was not qualified. He did not interview her. Subsequently, he interviewed and hired a male who had similar credentials. Admittedly, the subjective nature of Huddle's decision is troubling.
 
 
 6
 Courts have frequently noted that subjective evaluation processes intended to recognize merit provide ready mechanisms for discrimination. See, e.g., Johnson v. Uncle Ben's Inc., 628 F.2d 419, 426 (5th Cir.1980) vacated, 451 U.S. 902, 101 S.Ct. 1967, 68 L.Ed.2d 290 (1981), on remand 657 F.2d 750 (5th Cir.1981); Robbins v. White-Wilson Medical Clinic, Inc., 642 F.2d 153, 156 (5th Cir.1981); Royal v. Missouri Highway & Transportation Comm'n, 655 F.2d 159, 164 (8th Cir.1981); Senter v. General Motors Corp., 532 F.2d 511, 528-29 (6th Cir.), cert. denied, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); Shack v. Southworth, 521 F.2d 51, 55-56 (6th Cir.1975); Harris v. Group Health Ass'n., 662 F.2d 869, 873 (D.C.Cir.1981). Moreover, the legitimacy of the articulated reason for the employment decision is subject to particularly close scrutiny where the evaluation is subjective and the evaluators themselves are not members of the protected minority. See, e.g., Royal, 655 F.2d at 164. The Supreme Court in Burdine voiced similar concerns. The Court stated the articulated reasons must be "clear and specific" to rebut the prima facie case and guarantee that the plaintiff will be afforded "a full and fair opportunity" to demonstrate pretext. 450 U.S. at 253-256, 101 S.Ct. at 1093-1095. "Obviously the more subjective the qualification and the manner in which it is measured, the more difficult it will be for the defendant to meet the burden imposed by the court in Burdine." Robbins, 642 F.2d at 156. Subjective employment evaluations, however, are not illegal per se. The ultimate issue in each case is whether the subjective criteria were used to disguise discriminatory action. Ramirez v. Hofheinz, 619 F.2d 442, 446 (5th Cir.1980).
 
 
 7
 In the instant case the district court engaged in the probing analysis of Huddle's evaluation process and concluded that the ultimate decision was not based on plaintiff's sex. We cannot say that the subsidiary facts underlying the district court's conclusion are clearly erroneous. Upon consideration of the briefs, the record, and the district court's opinion, we affirm the judgment entered below. The explicit and probing character of United States District Court Judge Robert M. Duncan's findings of fact greatly facilitated appellate review. Accordingly, it is so ORDERED.