803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ADELA VALVERDE, Plaintiff-Appellant
v.
THE STATE OF MICHIGAN DEPARTMENT OF CIVIL RIGHTS, Defendant-Appellee.
 No. 85-1839.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1986.
 
 BEFORE: LIVELY, Chief Judge; MERRITT, Circuit Judge; and TIMBERS, Senior Circuit Judge.*
 
 
 1
 The plaintiff appeals from judgment for the defendant following a bench trial of this Title VII action. The Title VII claim was part of a broader civil rights action brought by the plaintiff against the State of Michigan Department of Civil Rights and several supervisors within that department. This claim was severed and tried as a separate action.
 
 
 2
 the plaintiff is a woman with an Hispanic surname who was employed by the defendant beginning in 1968. Plaintiff was promoted to a supervisory position in 1972 at level 13. In June of 1978 three positions were open within plaintiff's area at the higher supervisory level 14. Plaintiff and six other employees met the qualification requirements under the practices of the defendant and were eligible for promotion. The defendant chose three men, two of whom were black, for the position and rejected plaintiff and three other qualified candidates. All three of the individuals chosen had lower total list scores than plaintiff but were all within the "band" from which the defendant was permitted to make its selections.
 
 
 3
 The district court found that plaintiff had not established a prima facie case of violation of Title VII, but went on to hold that even if a prima facie case was made, the defendant had articulated a nondiscriminatory reason for denying the promotion to the plaintiff and that plaintiff had failed thereafter to prove that the reason given by the defendant was pretextual. This court concludes that the plaintiff did establish a prima facie case in her original showing, but that the district court correctly found that plaintiff had failed to carry her ultimate burden of establishing unlawful discrimination. This was a finding of fact by the district court, and we hold that the finding is not clearly erroneous.
 
 
 4
 The people responsible for making the selection of persons to be promoted to level 14 testified that, although plaintiff was qualified, she lacked some of the broader experience possessed by successful candidates. These witnesses gave job-related reasons for choosing the three male candidates over plaintiff and her only response was that these explanations were not credible. On appeal plaintiff argues that the court should not have accepted an explanation based entirely on subjective factors. This court has noted the dangers of relying on subjective factors in the hiring process but has held that use of such factors is not illegal per se and that "the ultimate issue . . . is whether the subjective criteria were used to disguise discriminatory action." Grano v. Department of Development of City of Columbus, 699 F.2d 836, 837 (6th Cir. 1983).
 
 
 5
 Upon consideration of the entire record on appeal together with the briefs and oral arguments of counsel, this court concludes that the findings of fact made by the district court are supported by sufficient evidence and that the court did not err in entering judgment for the defendant.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation