James E. CARBERRY,
Plaintiff–Appellee,

v.

MONARCH MARKING SYSTEMS, INC., Defendant–Appellant.

No. 00–3922, 00–3996.

United States Court of Appeals, Sixth Circuit.

Feb. 11, 2002.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

PER CURIAM.

The defendant, Monarch Marking Systems, appeals from the district court's denial of its motion for judgment as a matter of law, following a jury verdict in favor of the plaintiff, James Carberry, in an action that he brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. In response, Carberry contends that the district court correctly denied the defendant's motion but erred in failing to instruct the jury on willfulness, thus depriving him of liquidated damages, and erred in ordering reinstatement rather than submitting the issue of front pay to the jury. We find no reversible error and affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff James Carberry worked for Monarch Marking Systems from 1975 until August 1995 when he—along with several hundred other employees—was laid off, and his position, "Controller, Manufactur-

ing Operations," was eliminated. In January 1996, Carberry, then aged 56, saw a newspaper advertisement from Monarch for the position of "Operations Controller," which was very similar to the job Carberry had previously held. The advertisement listed four specific qualifications required for the job, all of which Monarch concedes Carberry met. Carberry applied for the position, but Monarch never responded. In March 1996, Monarch hired Mark Driscoll, who was 37 at the time, although Monarch concedes that Driscoll did not meet several of the requirements set out in the ad.

At a two-day jury trial, Monarch argued that Carberry's application was not considered because three of Carberry's supervisors believed—based on Carberry's past performance at Monarch—that he was not "well-suited" for the job. Carberry argued that Monarch's proffered justification was pretextual in light of Monarch's published job qualifications and evidence that Carberry performed well in his previous position at Monarch. At the close of Carberry's case and at the close of all the evidence, Monarch moved for judgment as a matter of law, which the district court denied. Before the case was submitted to the jury, however, the district court ruled that it would not instruct the jury on the issue of liquidated damages because Carberry had failed to submit evidence of a willful violation. The court also denied Carberry's request for a jury instruction on the issue of front pay, ruling that reinstatement to the position of Operations Controller was the appropriate remedy in the event of a jury verdict in his favor.

The jury returned two special verdicts in favor of Carberry, finding that age was "a determining factor" in Monarch's decision not to hire Carberry and awarding him $302,694 in back pay. Monarch renewed its motion for judgment as a matter of law.

On June 26, 2000, after the Supreme Court issued its decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), the district court denied Monarch's motion, holding that there was sufficient evidence from which a reasonable jury could find in Carberry's favor, based on the fact that Carberry met Monarch's own published qualifications. Monarch timely appeals the denial of its motion, and Carberry timely cross-appeals the district court's refusal to instruct the jury on the issue of liquidated damages or front pay.

## DISCUSSION

### A. Monarch's Liability under the ADEA

■ We review *de novo* a district court's denial of a motion for judgment as a matter of law. *See Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 867 (6th Cir.2001). Such a motion should be granted only if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. If reasonable minds could differ as to sufficiency of the evidence, judgment as a matter of law is not warranted. *See* Fed.R.Civ.P. 50(a). In making this determination, both the trial court and the reviewing court

> should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence... Thus, although the court should review the record as a whole, *it must disregard all evidence favorable to the moving party that the jury is not required to believe.* That is, the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that

evidence comes from disinterested witnesses.'

*Reeves,* 530 U.S. at 150–51, 120 S.Ct. 2097 (italics added) (internal citations omitted).

 Monarch argues that based on Carberry's evidence, a reasonable jury could not have found that the explanation for its hiring decision was a cover for age discrimination. There are three ways a plaintiff can establish that a defendant's reason for an adverse employment decision was pretextual: (1) by showing that the reason had no basis in fact; (2) if the reason had a basis in fact, by showing that it was not the actual factor motivating the decision; or (3) if it was a factor, by showing that the reason was insufficient to motivate the decision. *See Manzer v. Diamond Shamrock Co.,* 29 F.3d 1078, 1084 (6th Cir.1994). Carberry set out to prove that Monarch's reason for not selecting him for the job had no basis in fact—in other words, Monarch's explanation was "factually false." *See id.* at 1084.

In arguing that the evidence failed to show pretext, Monarch contends that Carberry proved only that he met the qualifications listed in the job announcement and that Mark Driscol did not. Throughout its brief, Monarch endeavors to minimize the significance of the announcement by maintaining that it listed only the "minimum" or "paper" qualifications for the job. Monarch argues that despite the obvious advantage Carberry held over Driscol with respect to these "paper qualifications," it was entitled to conclude that Carberry was not the "right fit" or otherwise "well-suited" for the job.

 Monarch's argument boils down to the view that an employer is entitled to entertain subjective factors (in addition to objective criteria) in making employment decisions. This circuit has held that while the use of subjective factors in employment decisions is not at all prohibited un-

der the ADEA, "[t]he ultimate issue in each case is whether the subjective criteria were used to disguise discriminatory action." *Grano v. Dept. of Development of the City of Columbus,* 699 F.2d 836, 837 (6th Cir.1983); see also *Rowe v. Cleveland Pneumatic Co.,* 690 F.2d 88, 93 (6th Cir. 1982). Thus, an employment decision genuinely based upon a somewhat visceral sense of which candidate was the "right fit" for the position would not violate the law. Even so, the district court correctly held that the jury was entitled to *disbelieve* this explanation in light of evidence that Carberry outrivaled Driscol on the objective criteria that Monarch itself published to the entire field of potential candidates for the job. The district court's reasoning is compelling:

> Defendant argues in essence that the jury was bound to ignore these 'paper' qualifications and instead accept the evaluations of the three persons who did the hiring, even though Defendant was the source of the paper qualifications.
>
> The Court disagrees and concludes that the jury had sufficient evidence from which it could reasonably conclude that the proffered reasons were a pretext for age discrimination. The evidence relied upon by Plaintiff is not his own subjective belief he was better qualified than Mr. Driscoll, but Defendant's own printed list of qualifications.
>
> • • • • •
>
> it is very important to note the *source* of the qualifications Mr. Carberry argued he met in evaluating his case. If Plaintiff had merely given his own subjective opinion that he was better qualified then Mr. Driscoll, he would not have presented a jury issue. . . . What he actually did, however, was to contradict the employer out of its own mouth: he quoted to the jury what Monarch said to the

world were the necessary objective qualifications, showed that he met them, and showed that there were several Mr. Driscoll did not meet.

The Supreme Court has held that a jury may infer from the falsity of the employer's explanation that the true motivation for the employment decision was intentional discrimination: "The factfinder's disbelief of the reasons put forward by the defendant ... may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination. . . ." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (emphasis in original); *see also Reeves* 530 U.S. at 147, 120 S.Ct. 2097.

Monarch's second argument—that it was entitled to judgment as a matter of law—rests on a passage in *Reeves* in which the Supreme Court declared:

> [A]n employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

*Id.* at 148, 120 S.Ct. 2097 (citing *Aka v. Washington Hospital Center,* 156 F.3d 1284, 1291–92 (D.C.Cir.1998)). Pointing to this language in *Reeves,* Monarch claims that it was entitled to judgment as a matter of law because Carberry's evidence established only a "weak" prima facie case of age discrimination.

■ There are at least two reasons why this argument is of no help to Monarch. First, Carberry's prima facie case of age

discrimination was not weak in a general sense. What Carberry was able to do at trial was to demonstrate, using Monarch's own evaluative criteria, that he was objectively qualified for the job. Second, Carberry's case was not weak in the specific sense used in *Reeves.* A prima facie case of employment discrimination is weak in the *Reeves* sense when, notwithstanding the failure of the defendant's proffered explanation, "the record conclusively reveals some *other,* nondiscriminatory reason for the employer's decision. . . ." *Reeves,* 530 U.S. at 148, 120 S.Ct. 2097 (emphasis added). In other words, judgment for the employer is appropriate even though the plaintiff successfully rebuts the defendant's explanation in circumstances where the evidence suggests that "some less seemly reason— personal or political favoritism, a grudge, random conduct, an error in the administration of neutral rules— actually accounts for the decision." *Benzies v. Illinois Dep't of Mental Health and Development Disabilities,* 810 F.2d 146, 148 (7th Cir.1987). There was no such ram in the bush for Monarch in this case. For these reasons, the district court was correct in denying the motion for judgment as a matter of law.

## B. Liquidated Damages

■ We also review *de novo* the district court's ruling on the question of liquidated damages, which are "punitive" in nature, *see TWA v. Thurston,* 469 U.S. 111, 125, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), and will be permitted in an ADEA case only if an employer's violation of the Act is "willful." *See* 29 U.S.C. § 626(b). To demonstrate willfulness, a plaintiff must prove by the preponderance of the evidence that the defendant either " 'knew or showed reckless disregard for the matter of whether its conduct was prohibited' by the ADEA.' " *Thurston* at 126, 105

S.Ct. 613 (internal citation omitted). The Supreme Court has held that it is not sufficient to show that the employer "knew of the potential applicability of the ADEA," *id.* at 127, 105 S.Ct. 613, for such a broad standard would "virtually obliterat[e] any distinction between willful and nonwillful violations" and erode the "two-tiered liability scheme" contemplated by Congress. *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 614–15, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) (internal citation omitted). To support a claim for liquidated damages, it is not even enough to show that the employer "acted without a reasonable basis for believing that it was complying with the statute," because willfulness requires at least recklessness. *See McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 134–35, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (clarifying *Thurston* standard).

■■■ In this case, the district court correctly granted judgment as a matter of law to Monarch on the issue of liquidated damages, concluding that Carberry had failed to provide sufficient evidence from which a reasonable jury could find that Monarch's violation was willful. There is no evidence in the record that Monarch supervisors believed that their decision to hire Driscoll violated the ADEA or showed reckless disregard for that possibility. The only documents Carberry offered the district court to support his claim of willfulness were the newspaper advertisement, which identifies Monarch as an "Equal Opportunity Employer," and Driscoll's employment application, which refers to Monarch's policy of not discriminating on the basis of race, sex, or any other criterion prohibited by state or federal law. However, the Supreme Court has expressly held that mere knowledge of the ADEA or its potential applicability is insufficient to demonstrate willfulness. *See Thurston,* 469 U.S. at 127–28, 105 S.Ct. 613.

### C. Reinstatement Order

■■■ We review the district court's decision to submit the issue of front pay to the jury under the abuse-of-discretion standard. *See Simpson v. Ernst & Young,* 100 F.3d 436, 444 (6th Cir.1996). Reinstatement is the "presumptively favored equitable remedy" in discrimination cases, *see Roush v. KFC Nat'l Mgmt. Co.,* 10 F.3d 392, 398 (6th Cir.1993) (citing cases), and courts generally consider an award of front pay only after determining that reinstatement is infeasible or otherwise inappropriate. *See Suggs v. Servicemaster Educ. Food Mgmt.,* 72 F.3d 1228, 1234 (6th Cir.1996). Even when reinstatement is inappropriate, an award of front pay is not automatic. *See Roush,* 10 F.3d at 398. "No per se rule governs the appropriateness of front pay damages in a particular case .... Ultimately, the question to be answered is whether front pay damages are needed in a particular case to make the plaintiff whole." *Wilson v. Int'l Bro. of Teamsters,* 83 F.3d 747, 756–57 (6th Cir.1996). Trial courts are afforded wide latitude in making this determination. *See id.* at 751 (upholding award of front pay under abuse of discretion standard even though appellate court "might have decided the issue differently"); *see also Davis v. Combustion Eng., Inc.,* 742 F.2d 916, 923 (6th Cir.1984) ("We emphasize ... that an award of front pay must be governed by the sound discretion of the trial court and may not be appropriate in all cases.")

■■■ Applying these standards, we cannot say that the district court's decision to order reinstatement rather than to instruct the jury as to front pay was an abuse of discretion. There was sufficient evidence in the record from which the

court could determine that reinstatement was an appropriate remedy. Carberry gave some indication of dissatisfaction with his current job as an insurance agent and an interest in resuming a career in the accounting field. There was no indication that, in spite of the passage of time, he could not quickly regain professional competence in that field. The Monarch supervisors with whom he had formerly interacted were no longer in the department—indeed, even Driscoll had left the company. Finally, there was no indication that by returning to work at Monarch, Carberry would displace an innocent employee.

## CONCLUSION

Although Carberry did not offer direct proof of age discrimination, the district court correctly concluded that there was sufficient evidence from which a reasonable jury could infer, based on the standards announced in *Reeves*, that Monarch intentionally discriminated against Carberry on the basis of his age. Accordingly, we AFFIRM the district court's judgment in favor of the plaintiff on the question of liability. For the reasons set out above, we also AFFIRM the district court's ruling on the issue of liquidated damages and the district court's decision to order reinstatement.

DAVID A. NELSON, Circuit Judge, concurring in part and dissenting in part.

I agree that the plaintiff's assignments of error are not well taken. My reason for thinking so, however, is that I believe that the trial court ought to have granted the defendant's motion for judgment as a matter of law. I must therefore dissent from the affirmance of the judgment in favor of the plaintiff.

The parties agree that the plaintiff made out a *prima facie* case of age-based discrimination and that the defendant met its burden of articulating a nondiscriminatory reason for its employment action. The presumption of improper discrimination thus evaporated, and the plaintiff was left with the burden of proving "that the legitimate reasons offered by the defendant were ... a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Our cases are clear that a "jury may not reject an employer's explanation ... unless there is a sufficient basis in the evidence for doing so." *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1083 (6th Cir.1994)(emphasis deleted). The requisite proof may come in any of three forms: (1) evidence that the employer's reasons had no basis in fact, (2) evidence that the employer's reasons did not actually motivate the failure to hire, or (3) evidence that the proffered reasons were insufficient to justify the failure to hire. *Id.* at 1084. If there is no legally sufficient basis for a reasonable jury to reject the employer's explanation on one of these three grounds, the court should render judgment as a matter of law for the defendant. See *Christian v. Wal–Mart Stores, Inc.*, 252 F.3d 862, 867 (6th Cir.2001).

The defendant here contends that difficulties in working with the manufacturing side of the business rendered the plaintiff ill-suited for the job he sought. In this connection the defendant points to evidence that includes a performance review dated July 21, 1995, in which the plaintiff was advised to "[g]ain a better understanding of manufacturing processes and issues" and was criticized for his relationship with "internal customers"—something the plaintiff took as a reference to "exclusively manufacturing" customers.

To demonstrate that the defendant's stated reason had "no basis in fact," the plaintiff would have had to come up with

probative evidence that management in fact considered his relationship with the manufacturing area to be unproblematic. See *Gray v. Toshiba America Consumer Prods., Inc.*, 263 F.3d 595, 600 (6th Cir. 2001)("The first type of rebuttal ... consists of evidence that the reasons given by the employer simply did not happen"). The record, as I read it, contains no such evidence.

The plaintiff admitted believing that a disagreement between himself and the vice-president of manufacturing led to his initial lay-off. He further conceded that he was "not so popular" with the manufacturing group, adding that "any type of audit manager is not necessarily popular with the operations people all the time." And although the plaintiff did have his final performance review (completed less than two weeks before he was laid off) upgraded one rating level, the criticism of his relationship with the manufacturing group remained unchanged. The plaintiff even testified to his belief that this criticism was "based on [a] perceived lack of enthusiasm ... among manufacturing management." Although the plaintiff challenged the validity of his superiors' negative view of his working relationship with the manufacturing group, he never attempted to disprove its existence. There was thus no showing of pretext under the first branch of *Manzer*'s tripartite taxonomy.

Neither, in my view, could the plaintiff properly claim to have made a *prima facie* showing that the defendant's proffered reason was not a sufficient ground for declining to hire him. The plaintiff admitted on cross-examination that "manufacturing was the primary focus" of the job for which he applied. Other testimony indicated that the position (or an earlier version of it) had a strong "reporting relationship" to manufacturing, that it involved "working out on the factory floor with press operators," and that "most all of [the job's] objectives were based around manufacturing performances." The sufficiency of the stated ground for not hiring the plaintiff would be obvious, therefore, absent proof that the person who was hired had the same negative baggage as the plaintiff and was thus "similarly situated." See *Manzer*, 29 F.3d at 1084 (evidence that the stated reason for an adverse action was insufficient to justify it usually consists of evidence that similarly situated younger persons were treated better than the plaintiff).

It is the sufficiency of the stated justification—the third category identified in *Manzer*—to which the plaintiff's evidence concerning his qualifications is relevant. The district court relied heavily on the fact that the plaintiff met the defendant's published list of job criteria, while the person hired in his stead did not. But the plaintiff could not prove pretext on this basis without showing that he and the person who beat him out were similarly situated. No such showing was made. The person chosen for the job had experience in a production environment while working for Hughes Aircraft, designing and building test equipment for missile radars. He also held a master's degree in engineering. The plaintiff had no comparable manufacturing-related credentials.

It is true that the plaintiff had qualifications his competitor lacked. These qualifications were deemed important when the job description was published, and perhaps it was a mistake for the defendant to waive them. In my view, however, this was clearly the defendant's prerogative. When it comes to weighing job qualifications, "it is inappropriate for the judiciary to substitute its judgment for that of management." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 763 (6th Cir.2000).

There is not a shred of real evidence in this case that the plaintiff was passed over because of his age. Accordingly, and because I do not believe that it was within the province of the jury to substitute its business judgment for that of management, I would remand this case with instructions to enter judgment in favor of the defendant.